## BYRD v. ENGLISH et al.

A party to a contract who is injured by reason of the failure of the other party to comply with its terms can not recover damages for the negligent act of a third person by which the performance of the contract was rendered impossible.

Argued January 16, — Decided February 11, 1903.

Action for damages. Before Judge Reid. City court of Atlanta. April 12, 1902.

*Vasser Woolley*, for plaintiff, cited Civil Code, §§ 3861, 3859, 3874; *Columbus* v. *Jaques*, 30 *Ga.* 506 (2); *Savannah R. Co.* v. *Shiels*, 33 *Ga.* 601; Dreisbach v. Ross, 195 Pa. St. 278; New Ipswich Factory v. Batchelder, 3 N. H. 190; Hughes v. Lambertville E. L. Co. (N. J. Ch.), 5 Am. Elec. Cas. 626; Stiger v. Refrigerating Co. (Tenn.), 14 S. W. 1087; Fechet v. Drake (Ariz.), 12 Pac. 694, s. c. 2 Am. Elec. Cas. 331; People v. Wemple, 129 N. Y. 554, s. c. 4 Am. Elec. Cas. 570; 2 Wood, Nuis. (3d ed.), §§ 650-54.

*Spencer R. Atkinson* and *Rosser & Carter*, for defendants. Negligence of defendants not the proximate cause of injury to plaintiff: Cooley, Torts (2d ed.), 75; 21 Am. & Eng. Enc. L. (2d ed.) 486; 8 Id. 571-2; Civil Code, §§ 3913, 3914; *Southern Ry. Co.* v. *Webb*, 116 *Ga.* 157; *Central Ry. Co.* v. *Edwards*, 111 *Ga.* 528, 533; *Central Ry. Co.* v. *Price*, 106 *Ga.* 176; *Mayor* v. *Dykes*, 103 *Ga.* 847; *Ga. R. Co.* v. *Hayden*, 71 *Ga.* 518; Hopk. Pers. Inj. §§ 14, 15, 16; Wat. Pers. Inj. §§ 33, 58, 71; 1 Jag. Torts, § 26, p. 245, § 130 (a, b), pp. 372-4; 1 Add. Torts, §§ 10-12; Cuff v. R. Co., 10 Am. Rep. 215. On the proposition stated in the headnote: Ashley v. Harrison, 1 Esp. 48; Vickers v. Wilcocks,

8 East, 1; Dale *v.* Grant, 34 N. J. L. 142; Rockingham Insurance Co. *v.* Boscher, 39 Me. 253, 256; Conn. Ins. Co. *v.* R. Co., 25 Conn. 265; Anthony *v.* Slaid, 11 Met. 290; Kahl *v.* Love, 37 N. J. L. 5.

CANDLER, J. The petition filed by the plaintiff in the court below makes substantially the following case. The plaintiff was engaged in the printing and publishing business in the City of Atlanta, maintaining a large establishment in which many workmen were employed. In the operation of his machinery and the lighting of his place of business he was dependent upon electric power supplied by the Georgia Electric Light Company, a corporation, and this power was conveyed by means of wires contained in conduits which were laid under the ground. On a named day the defendants were engaged in constructing a building which was to be located on the same street as that on which the plaintiff's place of business was situated, and, as incident to the work of construction, were excavating the lot of the defendant English, on which the building was to be constructed, for the purpose of enclosing a basement. In doing this they also excavated the earth under the sidewalk adjoining the lot. This was done without authority of law and in violation of an ordinance of the City of Atlanta. By the negligence of the employees of the defendants, a wall of earth was allowed to fall in on the conduits containing the electric wires over which power was conveyed to the plaintiff's plant; the wires were broken, and for several hours he was without the means of conducting his business; by reason of which fact he suffered damage set out in the petition. By amendments it was alleged that the plaintiff had a right to demand of the Georgia Electric Light Company the electric power which it had been furnishing him; that but for the tort complained of, that company would have furnished him with power and he would not have been damaged as set out; that the conduits of the electric light company were placed in the street by authority of the City of Atlanta and in the exercise of the right of eminent domain in the company; that the plaintiff was under a contract with the Georgia Electric Light Company, by virtue of which that company furnished him with electric power and under the terms of which he could not recover from it for damage occasioned by an accidental interruption of the current such as this was; that at the time of the commission of the tort complained of, there was no other company or person in Atlanta offer-

ing to furnish electric current from whom the plaintiff could have secured service during the interval of interruption caused by the breaking of the wires; that it was impracticable to change the motive power used by the plaintiff during that interval; that the injury done was remedied at the earliest possible moment; and that everything possible was done to reduce the amount of damages sustained by the plaintiff. The court sustained a general demurrer to the petition as amended, and the plaintiff excepted.

In the brief of counsel for the defendants in error considerable stress is laid upon the argument that the plaintiff can not recover, because the negligence of the defendants (conceding that they were negligent as alleged in the petition) was not the proximate cause of the injury done to the plaintiff. In view of the decision of this court in the case of *Southern Ry. Co.* v. *Webb*, 116 *Ga.* 157, we are not prepared to say that the failure of the power in the plaintiff's place of business was not such a result as was reasonably to be anticipated from the alleged tort of the defendants in so excavating the lot on which they were at work that the conduits containing the electric wires were broken and the current interrupted.

There is another view presented by counsel for defendants in error, which, if correct, settles beyond doubt that the court below was right in sustaining the general demurrer to the petition. It will be borne in mind that this is not an action for an injury to the person or property of the plaintiff. It is not claimed that the defendants have violated any contractual duty owed to the plaintiff. Their duty to the public in performing the work in which they were engaged was to do it in such a manner as not to negligently injure the person or property of any one. According to this petition, the damage done by them was to the property of the Georgia Electric Light Company, which was under contract to furnish to the plaintiff electric power, and the resulting damage done to the plaintiff was that it was rendered impossible for that company to comply with its contract. If the plaintiff can recover of these defendants upon this cause of action, then a customer of his, who was injured by the delay occasioned by the stopping of his work, could also recover from them; and one who had been damaged through his delay could in turn hold them liable; and so on without limit to the number of persons who might recover on account of the injury done to the property of the company owning the

conduits. To state such a proposition is to demonstrate its absurdity. The plaintiff is suing on account of an alleged tort by reason of which he was deprived of a supply of electric power with which to operate his printing establishment. What was his right to that power supply? Solely the right given him by virtue of his contract with the Georgia Electric Light Company, and with that contract the defendants are not even remotely connected. If, under the terms of his contract, he is precluded from recovering from the electric light company, that is a matter between themselves for which the defendants certainly can not be held responsible. They are, of course, liable to the company for any wrong that may have been done it, and the damages recoverable on that account might well be held to include any sums which the company was compelled to pay in damages to its customers; but the customers themselves can not go against the defendants to recover on their own account for the injury done the company.

A case in point which well illustrates the principle governing the one now under consideration is that of Dale *v.* Grant, 34 N. J. L. 142, where it was held that " a party who, by contract, is entitled to all the articles to be manufactured by an incorporated company — he, such party, furnishing the raw materials — can not maintain an action against a wrong-doer, who, by a trespass, stops the machinery of such company, so that it is prevented from furnishing, under said contract, manufactured goods to as great an extent as it otherwise would have done." In the opinion (p. 149) the court says: " The law does not attempt to give full reparation to all parties injured by a wrong committed. If this were so, all parties holding contracts, if such exist, under the plaintiffs who may have been injuriously affected by the conduct of the defendants, would be entitled to a suit. It is only the proximate injury that the law endeavors to compensate; the more remote comes under the head of *damnum absque injuria.*" So, also, in Connecticut Ins. Co. *v.* New York R. Co., 25 Conn. 265, it is held that where one person has contract relations with another, an injury to the latter which affects disastrously those relations, does not constitute a legal injury to the former. From the opinion delivered by Storrs, J., we quote the following very pertinent remarks: " Such are the complications of human affairs, so endless and far-reaching the mutual promises of man to man, in business and in matters of money and

property, that rarely is a death produced by human agency, which does not affect the pecuniary interest of those to whom the deceased was bound by contract. To open the door of legal redress to wrongs received through the mere voluntary and factitious relation of a contractor with the immediate subject of the injury would be to encourage collusion and extravagant contracts between men, by which the death of either, through the involuntary default of others, might be made a source of splendid profit to the other, and would also invite a system of litigation more portentous than our jurisprudence has yet known." To the same effect see Anthony v. Slaid, 11 Metc. 290; Rockingham Ins. Co. v. Bosher, 39 Me. 253; *Fowler* v. *Athens Waterworks Co.*, 83 *Ga.* 220. It follows from what has been said that the plaintiff's petition did not state a cause of action, and that the general demurrer thereto was properly sustained.　　　　*Judgment affirmed. By five Justices.*