12111: STODDARD *v.* CAMPBELL.

JENKINS, P. J. 1. Although "until majority" a child "remains under the control of the father, who is entitled to his services and the proceeds of his labor," this parental power may be "lost," among other ways, "by voluntary contract releasing the right to a third person." Civil Code (1910) § 3021 (1); *Eaves* v. *Fears,* 131 *Ga.* 820 (2) (64 S. E. 269). Where the father of a minor unconditionally gives him to the child's grandmother, who accepts him, for several years rears him as her own child, and performs for him all parental duties, she thereafter stands in loco parentis, and, in an action for the tortious homicide of the child, where at the time of his death he was performing services of value to the grandmother (such as contributing his earnings to her support), she is entitled to recover the value of his services until majority. *Atkinson* v. *Yarborough,* 13 *Ga. App.* 781 (80 S. E. 29).

2. Section 4424 of the Civil Code (1910), which gives to "a mother, or, if no mother, a father," the right to recover "the full value of the ·life" in case of the "homicide of a child minor or sui juris, upon whom she or he is dependent, or who contributes to his or her support," being in derogation of the common law and ·subject to strict construction (*Robinson* v. *Ga. R. &c. Co.,* 117 *Ga.* 168, 169 (43 S. E. 452, 60 L. R. A. 555, 97 Am. St. R. 156), must be held to exclude persons standing only in a quasi-parental relation to the child, and not to authorize a recovery for the full value of a child's life by a grandmother standing in loco parentis, although dependent upon the child's earnings for her support. *City of Albany* v. *Lindsey,* 11 *Ga. App.* 573 (3) (75 S. E. 911).

3. While, as a general rule, allegations of fact are to be construed most strongly against the pleader, yet, in the absence of special demurrer, where the facts alleged in a petition are such as would be proper and adequate to support one form of action, but inadequate, although appropriate, to another form of action, and where the petition is ambiguous to the extent that the pleader's intention is not clearly manifest as to which form of action is relied upon, the courts in such a case, in endeavoring to ascertain the plaintiff's intention, will prima facie presume that his purpose was to serve his best interest, and will construe the pleadings so as to uphold and not to defeat the action.

*Southern Express Co.* v. *Pope,* 5 *Ga. App.* 689 (2), 697 (63 S. E. 809);
*Bell* v. *State Life Ins. Co.,* 24 *Ga. App.* 497 (5) (101 S. E. 541);
*Payton* v. *Gulf Line Ry. Co.,* 4 *Ga. App.* 762 (2), 763 (62 S. E. 469);
*Wright* v. *Southern Ry. Co.,* 7 *Ga. App.* 542, 545 (67 S. E. 272);
*Dawson Cotton Oil Co.* v. *Kenan,* 21 *Ga. App.* 688, 692 (94 S. E. 1037).
Under such a rule of construction, while the petition here failed to
set forth a cause of action under section 4424, it was good as against
general demurrer, in that it might be construed as a suit for the re-
covery of the value of the child's services. *City of Albany* v. *Lindsey,*
supra; *Frazier* v. *Ga. R. &c. Co.,* 101 *Ga.* 70 (1), 72 (28 S. E. 684);
*Augusta Ry. Co.* v. *Glover,* 92 *Ga.* 132, 143 (18 S. E. 406).

　　　　　　*Judgment reversed. Stephens and Hill, JJ., concur.*
　　　　　　DECIDED AUGUST 23, 1921.

Action for damages; from Fulton superior court — Judge Ellis.
December 7, 1920.

*Moore & Pomeroy, J. H. Ross,* for plaintiff.

*Westmoreland & Smith,* for defendant.