21234.   AVERY *v.* SOUTHERN RAILWAY COMPANY *et al.*

614

DECIDED OCTOBER 17, 1931. REHEARING DENIED FEBRUARY 17, 1932.

*Ben C. Williford, Horace & Frank Holden,* for plaintiff.

*Maddox, Matthews & Owens, W. H. Trawick, C. C. Bunn,* for defendant.

BELL, J. (After stating the foregoing facts.) The court properly sustained the general demurrer and dismissed the petition. The plaintiff has no cause of action under section 4424 of the Civil Code of 1910, as amended by the act of August 18, 1924 (Ga. L. 1924, p. 60). Whether the provisions of the statute would be applicable to a child who has been actually adopted in the manner and form prescribed by law (see, in this connection, Civil Code of 1910, § 3016; 11 C. J. 752), the language thereof can not be so liberally or loosely interpreted as to include a person who has not at least been legally adopted and who claims the right to be dealt with as a child merely by reason of some contract made and entered into between the claimant and the person or persons designated as foster parent or parents. *Atkinson* v. *Yarbrough,* 13 *Ga. App.* 781 (80 S. E. 29); *Stoddard* v. *Campbell,* 27 *Ga. App.* 363 (2) (108 S. E. 311); *Smith* v. *Hatcher,* 102 *Ga.* 158, 160 (29 S. E. 162); *Marshall* v. *Macon Sash Co.,* 103 *Ga.* 725 (30 S. E. 571); *Georgia R. Co.* v. *Spinks,* 111 *Ga.* 571 (36 S. E. 855); *Robinson* v. *Georgia R. Co.,* 117 *Ga.* 168 (43 S. E. 452, 60 L. R. A. 555, 97 Am. St. R. 156).

The statute does not include a person who occupied only a quasi-filial relationship to the decedent for whose homicide recovery is sought.

Nor can the plaintiff recover upon the theory that she was damaged by the negligent homicide of the decedents, in that she was thereby deprived of the support which they had furnished and were bound to furnish to her under the contract referred to in the petition. There is no authority for such a cause of action in such

cases as *Atkinson* v. *Yarbrough* and *Stoddard* v. *Campbell,* supra, in which this court held that where a father unconditionally gives his child to its grandmother, who accepts him and for several years rears him and performs all parental duties, she thereafter stands in loco parentis, and, in case of its tortious homicide, may recover for the loss of such services as the child would have performed for her before attaining majority. The right of action of a father for the loss of services of his child is based upon a property right which the father has in such services; and in the case of a suit by another standing in loco parentis, the action is founded upon a property right assigned by the parent to the plaintiff. *Frazier* v. *Georgia R. Co.,* 101 *Ga.* 70 (3) (28 S. E. 662).

In the present case the plaintiff had no property right in the promised maintenance and support which she was to enjoy at the hands of the decedents, and which she was entitled to receive under the contract with them, but such right as she had inhered only in the contract itself. The defendants are not liable to the plaintiff merely because it was their negligence that brought about the death of the decedents and a termination of the contract between them and the plaintiff. In *Byrd* v. *English,* 117 *Ga.* 191 (43 S. E. 419, 64 L. R. A. 94) the Supreme Court held that a party to a contract who is injured by reason of the failure of the other party to comply with its terms can not recover damages for the negligent act of a third person by which the performance of the contract was rendered impossible. The *Byrd* case was cited with approval in Robins Dry Dock Co. *v.* Flint, 275 U. S. 303 (48 Sup. Ct. 134, 72 L. ed. 290), in which the Supreme Court of the United States said, "As a general rule, at least, a tort to the person or property of one man does not make the tort-feasor liable to another merely because the injured person was under a contract with that other, unknown to the doer of the wrong. See National Savings Bank *v.* Ward, 100 U. S. 195 (25 L. ed. 621). The law does not spread its protection so far."

*Judgment affirmed. Jenkins, P. J., and Stephens, J., concur.*