24230. McCULLOUGH v. ATLANTIC REFINING COMPANY.

DECIDED DECEMBER 10, 1934.

*McCullar & McCullar,* for plaintiff.

*Gordon Saussy, Marion Ennis, Carlyle Giles,* for defendant.

SUTTON, J. It is difficult to determine from the plaintiff's petition the particular form of action on which he relies. His petition contains some of the elements essential to an action for damages because of a malicious abuse of legal process, of a malicious use of civil process, of malicious prosecution of a possessory warrant as a criminal proceeding, of false imprisonment and of false arrest. The defendant demurred to the petition, upon the grounds: (1) that no cause of action was stated; (2) because it appeared from the allegations thereof that the action was barred by the statute of limitations. The court sustained the demurrer and dismissed the petition, upon the ground that the action was one for damages for injury to plaintiff's reputation and was brought more than one year after the cause of action originated and was therefore barred. To this judgment the plaintiff excepted.

1. Actions for malicious prosecution, for malicious abuse of legal process, for false arrest or false imprisonment, or for malicious use of civil process are all actions for damages for injuries to the person of the party complainant; and under section 4497 of the code such actions are not barred until two years after the cause of action arises. *Crawford* v. *Crawford,* 134 *Ga.* 119 (2) (67 S. E. 673, 28 L. R. A. (N. S.) 353, 19 Ann. Cas. 932); *Gordon* v. *West,* 129 *Ga.* 532 (59 S. E. 232, 13 L. R. A. (N. S.) 549); *Montague* v. *Cummings,* 119 *Ga.* 139 (45 S. E. 979); *Hutcherson* v. *Durden,* 113 *Ga.* 987, 989 (39 S. E. 495, 54 L. R. A. 811); *Mitchell* v. *Printup,* 74 *Ga.* 157. The possessory warrant complained of by the plaintiff was sued out on May 19, 1932, and was terminated by voluntary dismissal on May 23, 1932, and the present suit was filed on December 19, 1933. It follows that the trial judge erroneously held that the action, be it any of those enumerated above, was for an injury to the reputation, and was therefore, under section 4497 of the Civil Code (1910), barred within one year from the time the cause of action originated, and therefore erred in dismissing the petition upon this ground of demurrer.

2. Where the averments of a petition are so loosely and uncertainly made as to render it difficult to determine the nature of

the cause of action relied upon by the plaintiff, and where the facts alleged therein are such as to be proper and adequate to support one form of action, but inadequate, although appropriate, to another form of action, and where plaintiff's petition is ambiguous to the extent that the plaintiff's intention is not clearly manifest as to which form of action is relied upon, but there is no appropriate demurrer interposed, it should not be held that no cause of action is stated. The plaintiff should be required to amend and to plainly, fully, and distinctly set forth the cause of action on which he relies for a recovery. *Hicks* v. *Hamilton*, 3 *Ga. App.* 112, 118 (59 S. E. 331) ; *Finney* v. *Cadwallader*, 55 *Ga.* 75 (3) ; *Hazelhurst* v. *Savannah, Griffin &c. Railroad Co.*, 43 *Ga.* 13; *Lowe* v. *Burke*, 79 *Ga.* 164 (3 S. E. 449) ; *Stoddard* v. *Campbell*, 27 *Ga. App.* 363 (3) (108 S. E. 311). The ruling in *Crittenden* v. *Southern Home B. & L. Asso.*, 111 *Ga.* 266 (5) (36 S. E. 643), is not applicable. In that case the petition did not set up a cause of action, and even though the judge dismissed it on an erroneous theory, his judgment was upheld.

3. It follows from the foregoing rulings that the trial judge erred in dismissing plaintiff's petition.

*Judgment reversed. Jenkins, P. J., and Stephens, J., concur.*