29917. DAVISON-PAXON COMPANY *et al. v.* NORTON.

DECIDED MARCH 10, 1943.

*Alston, Foster, Sibley & Miller, H. A. Allen, Gertrude Harris,* for plaintiffs in error. *Frank A. Doughman,* contra.

STEPHENS, P. J. (After stating the foregoing facts.)

1. The plaintiff was arrested and prosecuted under a valid warrant and a valid accusation. She alleged that her prosecution was without probable cause and with malice. The petition shows that the prosecution terminated favorably to her. She alleged that the defendants knew that she was not guilty of the offense for which they caused her to be prosecuted. The petition set out a cause of action. See *Price* v. *Cobb,* 63 *Ga. App.* 694 (11 S. E. 2d, 822). "A criminal prosecution, maliciously carried on, and without any probable cause, whereby damage ensues to the person prosecuted, shall give him a cause of action." Code, § 105-801. "The prosecution must be ended before the right of action accrues." § 105-806.

2. The defendant corporations are liable for the acts of their agents and servants, acting within the scope of their agency or employment. A principal or master is liable, in a proper case, for malicious prosecution where the same is conducted by an agent or servant in furtherance of the business of the former, and within the scope of the latter's authority. *Joiner* v. *Ocean Steamship Co.,* 86 *Ga.* 238, 241 (12 S. E. 361).

3. The present action is for malicious prosecution. *Melson* v. *Dickson,* 63 *Ga.* 682 (36 Am. R. 128) ; *Riley* v. *Johnston,* 13 *Ga.* 260. "Actions for malicious prosecution, for malicious abuse of legal process, for false arrest or false imprisonment, or for malicious use of civil process are all actions for damages for injuries to the person of the party complainant; and under section 4497 of the Code such actions are not barred until two years after the cause of action arises." *McCullough* v. *Atlantic Refining Co.,* 50 *Ga. App.* 237 (177 S. E. 601). It affirmatively appears that the peti·

tion was filed on April 10, 1940, and that the prosecution was instituted in November, 1938, and terminated in December, 1938.

4. The petition is not like the petition in *McCullough* v. *Atlantic Refining Co.*, supra, where this court said: "Where the averments of a petition are so loosely and uncertainly made as to render it difficult to determine the nature of the cause of action relied upon by the plaintiff, and where the facts alleged therein are such as to be proper and adequate to support one form of action, but inadequate, although appropriate, to another form of action, and where plaintiff's petition is ambiguous to the extent that the plaintiff's intention is not clearly manifest as to which form of action is relied upon," the petition is subject to special demurrer. The petition, while containing some immaterial allegations, clearly indicates that the plaintiff's intention is to sue for malicious prosecution. The grounds of special demurrer are without merit. The court did not err in overruling the demurrers.

*Judgment affirmed. Sutton, J., concurs. Felton, J., concurs in the judgment.*