31127. HOLLINGSWORTH *v.* REDWINE.

DECIDED JANUARY 31, 1946.

*W. B. Hollingsworth, W. S. Northcutt,* for plaintiff.
*Powell, Goldstein, Frazer & Murphy,* for defendant.

SUTTON, P. J. The plaintiff sued the defendant upon the following agreement: "Miami, Fla., Aug. 15th, 1925. $2000.00 Received of W. B. Hollingsworth, the sum of Two Thousand dollars for investment in and about Miami, Fla. It is agreed and understood that I am to invest same as my best judgment shall direct, and to turn back said sum and profits on same on 10-days' notice. I agree to make reports promptly on all earnings, and to share equally according to amount invested by said Hollingsworth, of said funds as long as this agreement exists, and to invest his funds with my own on all property purchased by me. [Signed] H. P. Redwine." The petition as amended alleged that the defendant sought a loan of the plaintiff, and that the plaintiff

"purely as an accommodation to defendant . . extended the loan and gave [the defendant] a check for $2000, subject to be repaid on notice of ten days;" that a note in form was not available, and the defendant gave the plaintiff the agreement sued on; that "plaintiff continued to request payment of the note, and in 1926 the defendant paid or returned $1000 of the loan and stated that conditions were such that he could not pay the entire amount then, but would as soon as conditions got better;" that the plaintiff "was making demands, and writing defendant to pay said obligation all the years after 1937;" that the defendant occupied towards the plaintiff a fiduciary relationship for the purpose of investing the funds turned over to him, and has since had possession of the plaintiff's money as trustee; that the defendant had never notified the plaintiff that he was holding said funds adversely to the plaintiff until "a short time" before the suit was filed; that the defendant as such agent had never rendered an accounting accompanied by an offer to pay plaintiff nor was there a refusal to pay by the defendant "until a short time" before the suit was filed, which was on August 3, 1945.

The defendant demurred generally to the petition on the ground that it did not set out a cause of action and on the ground that the suit was barred by the statute of limitations. The trial judge sustained the demurrer and dismissed the petition as amended, and the exception here is to that judgment.

The judge did not err in sustaining the demurrer and dismissing the petition as amended. It is well-settled law that, where the pleadings show on their face that the action is barred, a defendant can take advantage of the statute of limitations by a demurrer expressly invoking the statute. *Ayers* v. *Taylor,* 52 *Ga. App.* 534 (2) (184 S. E. 365). In the present case, the instrument sued on expressly provided that the defendant would "turn back" the money and profits on 10-days' notice, and the plaintiff alleged in his petition that during the year 1926, he requested the defendant to return the money. The true test of when a cause of action arises or accrues, as used in the statute of limitations, is to ascertain the time when the plaintiff could first have maintained an action to a successful result. *Mobley* v. *Murray County,* 178 *Ga.* 388 (173 S. E. 680); *Wimbush* v. *Curry,* 8 *Ga. App.* 223 (68 S. E. 951); *Hosford* v. *Hosford,* 58 *Ga. App.* 188 (198 S. E. 289).

Under the terms of the agreement sued on, the plaintiff's request or demand, in 1926, for payment after ten days matured the agreement and he could have maintained an action thereon at any time subsequently. The fact that the defendant paid a portion of the debt and stated that he could not pay the entire amount, but would do so when conditions got better, would not operate to prevent the statute of limitations from running, nor would such statement operate to estop the defendant from setting up the statute as a defense to an action on the agreement. *Sedwick* v. *Gerding*, 55 *Ga.* 264; *Hartley* v. *Head*, 71 *Ga.* 95. If the action be treated as one on a simple promissory note, as it was treated by the plaintiff in his original petition, the trial judge properly sustained the demurrer based on the statute of limitations, as it appeared on the face of the pleadings that the action was not brought within six years after the agreement became due and payable. Code, § 3-705; *Marbut* v. *Hamilton*, 32 *Ga. App.* 187 (2) (122 S. E. 738). If the action be treated as one by the plaintiff against the defendant as trustee for the recovery of money belonging to the plaintiff in the hands of the defendant as agent for the plaintiff, as alleged in the amendment to the original petition, the judge did not err in sustaining the demurrer based on the statute of limitations, as it appeared on the face of the pleadings that the action was not brought within ten years from the time the cause of action accrued. Code, § 3-709. Whether the action be considered as one on a simple contract, or an action for breach of trust, the statute of limitations began to run against the plaintiff ten days after his demand for payment made in 1926; and the plaintiff having waited more than 18 years after the cause of action accrued before commencing his action, the judge did not err in sustaining the demurrer based on the statute of limitations and in dismissing the petition as amended. *Wall* v. *Middle Georgia Bank*, 180 *Ga.* 431 (179 S. E. 363). See also *Bailey* v. *Freeman*, 140 *Ga.* 71 (78 S. E. 423).

The cases of *Teasley* v. *Bradley*, 110 *Ga.* 497 (35 S. E. 782, 78 Am. St. R. 113), *Whitworth* v. *Oliver*, 45 *Ga. App.* 671 (165 S. E. 767), and *Reynolds* v. *Dorsey*, 188 *Ga.* 218 (3 S. E. 2d, 564), cited and relied on by the plaintiff in error, are not applicable and controlling under the facts of the present case, and

do not authorize or require a different ruling from the one made in this case.

Judgment affirmed. *Felton* and *Parker*, JJ., concur.