### 38214. SICKLESMITH v. CITIZENS BANK OF HAPEVILLE.

CARLISLE, Judge. This is a suit for damages, filed on June 18, 1959, in the amount of $25,000 alleged to have accrued to the plaintiff on account of the refusal of the defendant bank to pay two checks in the amounts of $16.88 drawn on November 17, 1955, and $75 drawn on November 15, 1955, by the plaintiff against the defendant bank. The petition in paragraph 4 alleges, "That by promptness in meeting and paying all just indebtedness against him [plaintiff] had built up a high credit at home and abroad," and, in paragraph 10, " . . . that defendant by its wrongful conduct in refusing to honor and pay his said checks, has injured his credit and financial standing in the community and in the commercial markets, and his reputation for promptness in paying his debts has been greatly injured and damaged." To the petition the defendant filed a general demurrer on the ground that the petition showed on its face the right of action was barred by the statute of limitations. The trial judge sustained that demurrer and dismissed the action and the exception here is to that judgment. *Held:*

The petition here is subject to no other construction than as

being an action in tort for damage to the plaintiff's reputation, and, not having been brought within one year from the date of the alleged act causing the damage, it was barred by the statute of limitations. Code § 3-1004. The defense of the statute of limitations, being apparent on the face of the petition, was properly raised by demurrer. *Hollingsworth* v. *Redwine,* 73 *Ga. App.* 397 (36 S. E. 2d 869). The trial judge did not err in sustaining the general demurrer and in dismissing the petition.

*Judgment affirmed. Gardner, P. J., and Townsend, J., concur.*

DECIDED APRIL 18, 1960.

*Oze R. Horton,* for plaintiff in error.
*Frank R. Lea,* contra.