40970. MORSE v. PIEDMONT HOTEL COMPANY et al.

Decided October 20, 1964.

*O. Lee White,* for plaintiff in error.

*Smith, Ringel, Martin, Ansley & Carr, Hoke Smith, Candler, Cox, McClain & Andrews, Edward Andrews,* contra.

Hall, Judge. This petition alleged in essence that the plaintiff, a jewelry salesman, was a guest of the defendant Hotel and entrusted to the Hotel's bell boy a sample case containing valuable jewelry to take and place on a bus of the defendant Cab Company for transportation from the Hotel to the Atlanta airport. The bell boy placed the jewelry case in the baggage compartment of the airport bus and the plaintiff boarded the bus. When the bus reached the airport the sample case had been stolen as a result of alleged negligent acts and omissions of the defendants' agents in failing to protect it. The sample case and contents were the property of the plaintiff's employer. The plaintiff's employer was compensated for its loss by an insurer, but the insurer cancelled its policy and no other insurance company would thereafter insure the plaintiff as a jewelry salesman. This caused the plaintiff to be fired from his employment and to be unable to obtain other employment and to suffer great mental pain and shock, shattering of his nervous system, a heart attack, and confinement to his home for two months. The petition alleged that as a result of the defendants' negligence and the larceny of the sample case the plaintiff had been deprived wrong-

fully of carrying on the business of selling diamonds and jewelry in which he had been engaged for 40 years, and was damaged in loss of earning capacity, at the rate of $20,000 per year, in the amount of $100,000, and because of pain and suffering in the amount of $25,000.

The plaintiff relies on the decision in *G. C. G. Jewelry Mfg. Corp. v. Atlanta Baggage &c. Co.*, 109 Ga. App. 469 (136 SE2d 419), another case which arose out of the loss of the jewelry sample case which allegedly caused the damages the plaintiff sues for in the present case. There the plaintiff's employer sued the defendant Cab Company as a bailee for the loss of the sample case, and this court held the petition set forth a cause of action. That was an action for property damages caused by the bailee's negligence, for which a bailee is clearly liable. *Code* §§ 12-103, 12-104. The decision does not support the present action, against allegedly negligent bailees, which seeks damages for the plaintiff's inability, resulting from the theft of the jewelry sample case, to obtain insurance covering him as a jewelry salesman and the consequent loss of his employment and earning capacity in this occupation and physical and mental pain and suffering.

In this petition the only duty allegedly owed to the plaintiff and breached by the defendants is the duty to protect the property the plaintiff entrusted to the defendants. The only damages that the plaintiff claims to have resulted to him from this alleged breach of duty are consequent to the loss of an insurance company which had to compensate the plaintiff's employer for its loss of the stolen jewelry case. For such indirect damages the law does not allow recovery. *Byrd v. English*, 117 Ga. 191 (43 SE 419).

Generally a person is not liable for the unintentional invasion of the interest of another in his contractual or employment relationships with third persons. The rights or interests of the plaintiff which he alleges have been damaged—the interest in retaining insurance protection and the interest in his employment—he had by virtue of relations with others than the defendants in this case. The petition does not show that the plaintiff had property rights in his relationships with the insurance

company or his employer, but such interests of the plaintiff as were damaged inhered in these relationships. The law does not place upon these defendants the duty to protect these interests of the plaintiff against unintentional invasion. *Avery v. Southern R. Co.*, 44 Ga. App. 613, 616 (162 SE 648); *Anthony v. Slaid*, 11 Metc. 290 (Mass. 1846); *Stevenson v. East Ohio Gas Co.*, 47 Ohio App. 586 (73 NE2d 200); 1 Harper and James, The Law of Torts 501, § 6.10; Comment, 23 Calif. L. Rev. 420; accord American Law Institute, Restatement, Torts, 734, § 281.

The trial court did not err in disallowing the amendment to the petition and in sustaining the defendants' general demurrers.

*Judgment affirmed. Nichols, P. J., and Russell, J., concur.*