## 41146. SHORT v. McKINNEY.

Submitted February 1, 1965—Decided April 15, 1965.

*Jack Miller, Duffy, Hendrix & Miller,* for plaintiff in error.
*Ralph L. Crawford, Crawford, Lieb & Calhoun,* contra.

RUSSELL, Judge. ■ "Mere general allegations of fraud are not good against a general demurrer, but the specific facts constituting the fraud must be stated." *Johnson v. Ellington,* 196 Ga. 846 (2) (28 SE2d 114) and cit. Since the ruling of the trial court was to the effect that the action was not direct but derivative, an analysis of the petition should address itself first to what fraud is properly alleged, and then to a determination of the party injured thereby. Complaint is made that McKinney, a minority stockholder, purchased the interest of Davis, which would make him majority stockholder and within limits guarantee him the exclusive and sole power to operate the corporation as against the only other stockholder, the plaintiff. The alleged misrepresentation and fraud is that the defendant convinced Davis that the corporation "was becoming insolvent and in financial difficulties" and that Davis should sell "while he can still get his money back." It is not alleged that the defendant failed to pay the full value of the stock purchased or that the corporation was not in financial difficulties; in fact, subsequent statements show that it was, either at the time or soon thereafter. Allegations that a statement is fraudulent which fail to allege that it is untrue are insufficient. *Mann v. Showalter,* 145 Ga. 268 (5) (88 SE 968). It does not appear that the defendant committed any actionable wrong against the plaintiff's individual interest by persuading the other stockholder to sell the shares

so that he might acquire a majority of the stock, even though he intended to use his interest to control corporate policies. Secondly, the bill of sale to secure debt is not attached to the petition, and it is not alleged that the foreclosure proceeding, at which the defendant who was a creditor of the corporation purchased its assets, was in any way illegal. He might by the terms of the instrument have been given this power. If the failure of the defendant to notify the plaintiff that he was proceeding with the foreclosure action was a breach of a fiduciary relationship (in which connection see *Oliver v. Oliver*, 118 Ga. 362 (3), 45 SE 232) the plaintiff fails to allege that he relied upon the promise or was injured by the failure of the defendant to give him further notice. Again, the allegation that corporate minutes were falsely prepared stating that the plaintiff was elected president is not related to the injury for which he seeks redress in such manner that it appears the one stems from the other, and failure to procure liability insurance is not charged as a fraudulent or negligent act against the defendant individually.

■ What remains in the case, then, is that the defendant, having purchased a majority of the shares of stock, conducted the affairs of the corporation to the exclusion of the plaintiff, a minority stockholder. By reason of the failure of the corporation under the guidance of the defendant to pay the installments on money borrowed from the defendant, the defendant was enabled to place himself in a position to foreclose on the assets of the corporation, which he did, rendering the corporation insolvent and converting the assets to his own use. Also by reason of the failure of the corporation under the guidance of the defendant to protect itself by liability insurance, there are other creditors who have pending damage suits against it and a claim on its assets, in case of favorable verdicts, superior to that of the plaintiff.

Under these circumstances, it necessarily follows that the trial court's decision holding this action to be derivative rather than direct, that is, one to which the corporation itself is a necessary party rather than one which is personal between the plaintiff and defendant, was correct. What the plaintiff seeks is the investment represented by his stock. That investment

has deteriorated to the extent the stock has become valueless, but "if a director converts corporate assets, the corporation is injured directly, while the shareholders suffer only indirectly through a decrease in the book value of their stock. The corporation may sue and recover its misappropriated assets, and its recovery will also repair the shareholders' indirect injury. If the corporation is unwilling to sue, however, a shareholder may be able to 'instigate' a suit to enforce the corporate cause of action; any amount recovered will not go directly to the plaintiff-shareholder, but will be added to the assets of the corporation," not only for the benefit of the shareholder, but for creditors as well, but he cannot sidetrack claims by and against the corporation to this fund by recovering it directly for his individual use on the theory that it represents the value of his original investment in the corporation. U. of Pa. Law Review, Distinguishing between Direct and Derivative Shareholder Suits, Vol. 110, p. 1147. In such an action the corporation is a necessary party without which the court has no jurisdiction. "The wrong done by the defendants, if any, was a wrong done to the corporation. Primarily the right to recover against the defendants for the wrong done was in the corporation itself, and not in the stockholders. Stockholders can not sue at law the officers or directors of a corporation, or others, for damages, for fraud, embezzlement, misfeasance, or gross negligence, whereby the property of the corporation is wasted, the stockholders are deprived of dividends, or their shares are depreciated or rendered worthless." *Greenwood v. Greenblatt*, 173 Ga. 551 (161 SE 135). See also, *Smyly v. Smith*, 216 Ga. 529 (118 SE2d 188); Nadler, Georgia Corporation Law, § 414, p. 396. The failure to make the corporation a party here was fatal to the prosecution of the suit. Nor would the situation be any different if the action were against two people, one an officer of a corporation and the other a third person who had conspired with him to steal or otherwise convert corporate assets. In either event, the money or assets acquired by the defendant belong to the corporation, and must be replaced there. It was the corporation that suffered the loss. The investor may then (after the loss to the corporation is made good) recover whatever the

value of his shares may be, whether more or less than his original investment, after the debts of the corporation have been paid. This petition affirmatively shows that there are as of the present time claims against the corporation by persons having no concern with this litigation with priority over the claim of this plaintiff to these corporate assets, and there may well be other creditors of the corporation not mentioned in the petition, unknown to this court and who know nothing about this litigation.

This action differs from *Bromley v. Bromley*, 106 Ga. App. 606 (127 SE2d 836) which is a good example of a direct rather than a derivative suit; there the defendant, an officer of a corporation of which the plaintiff was an employee and both were shareholders, was individually liable because he as an individual procured another, the corporation, to effect a tortious discharge of the plaintiff.

The trial court in his order dismissing the action stated that it was being dismissed for lack of a necessary party. He did not pass upon the merits of the case, but did state: "Ordinarily a non-jonder can be met by amendment, but this is not a suit in equity and no equitable relief is sought. It is simply a suit for damages based on an alleged fraud, and as the plaintiff's rights are derived from the corporation, the non-joinder of the corporation is fatal."

The trial court did not err in sustaining the second ground of demurrer.

*Judgment affirmed. Felton, C. J., and Jordan, J., concur.*