41309. DALE v. CITY PLUMBING & HEATING SUPPLY COMPANY, INC. et al.

ARGUED MAY 3, 1965—DECIDED OCTOBER 22, 1965—
REHEARING DENIED NOVEMBER 24, 1965.

*Palmour & Palmour, J. Ernest Palmour, Jr.,* for plaintiff in error.

*Whelchel, Dunlap & Gignilliat, James A. Dunlap,* contra.

DEEN, Judge. ■ This court held in *Short v. McKinney,* 111 Ga. App. 557 (142 SE2d 398) that a corporate stockholder may not, without joining the corporation as a party plaintiff or defendant, sue to recover the value of his shares of stock in the corporation because some act of the defendant has damaged the corporation and thereby reduced the value of the stock. This is not that kind of suit. The plaintiff here alleged a direct, wilful and malicious injury to himself by way of loss of earnings because of his refusal, individually and as the alter ego of a corporation bearing his name and under his complete ownership and control, to pay a corporate debt which was not owing and to sign a purchase contract obligating the corporation and the plaintiff to the defendants for a long period of time in the future. For the injury to himself he may bring a direct action. See *Bromley v. Bromley,* 106 Ga. App. 606 (127 SE2d 836).

■ Count 1 of this petition was apparently attempted to be founded on the tort of malicious abuse of civil process, and count 2 on libel. The action was filed over a year but less than two years from the alleged illegal misconduct, and count 2 was obviously barred by the statute of limitation. Was count 1 likewise barred? The answer depends on whether the action involves an injury to a property right or only an injury to the reputation. It is loosely drawn, but, "Where the averments of a petition are so loosely and uncertainly made as to render it difficult to determine the nature of the cause of action relied

upon by the plaintiff, and where the facts alleged therein are such as to be proper and adequate to support one form of action, but inadequate, although appropriate, to another form of action, and where plaintiff's petition is ambiguous to the extent that the plaintiff's intention is not clearly manifest as to which form of action is relied upon, but there is no appropriate demurrer interposed, it should not be held that no cause of action is stated." *McCullough v. Atlantic Refining Co.*, 50 Ga. App. 237, 238 (177 SE 601). In that case as in this one, there was a demurrer on the ground that the action, being for an injury to the reputation, was barred after a year, but the court held that there was in addition a cause of action set out for malicious abuse of process. It is here contended that the filing of the false affidavit of claim of lien by the defendant cannot amount to malicious use or abuse of process because such a lien is not a "process" in its technical sense. But see in this connection *Defnall v. Schoen*, 73 Ga. App. 25 (35 SE2d 564). It does have an equally inhibitory effect upon disposition of the property on which the lien is filed, and might therefore be considered analogous in its effect, but this we need not decide. As stated in the first division of this opinion, the cause of action is an injury to the plaintiff and not exclusively to the corporation*, and the question remains as to the nature of the infringement of the plaintiff's legal rights. It is alleged that the business public with whom the plaintiff dealt knew him to be the sole owner and in sole control of the corporation which bore his name, and considered him and the corporation as one in a business sense. So, too, did the defendant, who told the plaintiff that the plaintiff should pay certain money and make a certain contract in the corporate name, and that, if he refused to do so, both the plaintiff and the corporation would be put out of business. It then filed false affidavits which did have the effect of putting both the plaintiff and the corporation out of business.

---

*For a comparable situation, see Judge Jordan's opinion in *Southland Publishing Co. v. Sewell*, 111 Ga. App. 803, 809 (143 SE2d 428).

"Malicious injury to the business of another will give a right of action to the injured party." *Southern R. Co. v. Chambers,* 126 Ga. 404 (1) (55 SE 37, 7 LRA (NS) 926). In *American Oil Co. v. Towler,* 56 Ga. App. 866 (194 SE 223), it was held that where one maliciously and wrongfully, with intent to injure another person's business, prevented others from dealing with him by blacklisting him, and his business was thereby injured, a right of action accrued. See to the same effect *Rivers v. Dixie Broadcasting Corp.,* 88 Ga. App. 131 (76 SE2d 229); *Gunnels v. Atlantic Bar Assn.,* 191 Ga. 366 (12 SE2d 602, 132 ALR 1165); *Studdard v. Evans,* 108 Ga. App. 819 (135 SE2d 60). In such a case it is not necessary to show that the wrongdoer has procured the breach of any specific contract, but only that he has purposely interfered with the plaintiff's reasonable expectancies of trade with third persons. Restatement of the Law, Torts, Vol. IV, p. 50, § 766 (b). The action at common law was a trespass on the case. The right is a property right protected by the law. Kamm v. Flink, 113 NJL 582 (175 A 62, 99 ALR 1, 6, and see Anno., p. 12 et seq.). No one has the right to disturb another's business for the sake of compelling him to do an act which in his judgment is contrary to his best interests. Carlson v. Carpenter Contractor's Assn., 305 Ill. 331 (137 NE 222, 27 ALR 625). "Our decisions are to the effect that the right to conduct one's business without the wrongful interference of others is a valuable property right which will be protected, if necessary, by injunctive process. Bowen v. Morris, 219 Ala. 689, 123 S 222. And the enjoyment of the good name and good will of a business is likewise a valuable property right subject to like protection. Bankers' Fire & Marine Ins. Co. v. Sloss, 229 Ala. 26, 155 S 371. One's employment, trade or calling is likewise a property right and the wrongful interference therewith is an actionable wrong. U. S. F. &c. Co. v. Millonas, 206 Ala. 147, 89 S 732, 29 ALR 520." Carter v. Knapp Motor Co., 243 Ala. 600, 603 (11 S2d 383, 144 ALR 1177). To the same effect is *N.A.A.C.P. v. Overstreet,* 221 Ga. 16 (142 SE2d 816), where a cause of action was held stated for injunction and damages against an organization which unlawfully picketed the plaintiff's premises with the intention of

damaging his business. "A person's business is property in the pursuit of which he is entitled to protection from tortious interference by a third person, who, in interfering therewith, is not acting in the exercise of some right." *N.A.A.C.P. v. Overstreet*, supra. The defendant here had no legal right to interfere with the plaintiff's business by filing liens against property on which nothing was owing to the defendant with the intention of coercing the plaintiff into paying him money which he did not owe. Since this is a property right, the plaintiff had four years in which to bring his action. *Code* § 3-1003; *Muse v. Connell*, 62 Ga. App. 296 (8 SE2d 100). This is true although elements appropriate to a libel action are involved, where the business interest is the thing legally threatened, and the publication of the words is merely an instrument and incident of this result. See Carter v. Knapp Motor Co., supra, p. 604, citing Nann v. Raimist, 255 NY 307 (174 NE 690, 694, 73 ALR 669). See also McGurk v. Cronenwett, 199 Mass. 457 (85 NE 576), where an action was brought against one for wrongfully inducing an employer to discharge his employee, and the demurrer pointed out certain deficiencies in the petition if construed to be an action for libel. The court held that the action was not intended as an action for slander or libel, and the technical rules relating to that form of action would not be extended to an action for damages for loss of employment.

A petition must be judged by both its allegations of fact and its specific prayers. Some of the damages sought here are subject to demurrer as being appropriate only to an action for injury to the reputation; others, including the plaintiff's loss of salary income constitute property damage rather than damage resulting from injury to the person. Nor will any statement in either brief be considered to create a cause of action where none exists or to destroy one in fact set out.

The trial court erred in sustaining the general demurrer to count 1.

*Judgment reversed. Felton, C. J., Nichols, P. J., and Pannell, J., concur. Hall, J., concurs specially. Bell, P. J., Frankum, Jordan, and Eberhardt, JJ., dissent.*

ON MOTION FOR REHEARING.

The point is made that although the appellant alleges he suffered "loss of salary of $15,000 per year he would have received from November 30, 1962, through July 31, 1964" no contract between himself and the corporation to this effect is set out. This being a tort action, it was unnecessary for the plaintiff to plead the contract or attach it as an exhibit to his petition. *Carter v. Spiegel, May Stern Co.*, 45 Ga. App. 754 (3) (166 SE 34). It is recognized that the corporation and the plaintiff are two separate entities, and that the plaintiff has no right of action for devaluation of the corporation stock or for the invasion of any other right belonging to the corporation as such, since the latter would be the proper party plaintiff in that event even though this plaintiff is the sole owner. However, a petition will not be dismissed on general demurrer if any part of it is good in substance. *Hines v. Wilson*, 164 Ga. 888 (1) (139 SE 802). This petition alleges that the defendant demanded that *both* Dalco, Inc. *and* the *plaintiff* pay defendant $42,473.01, and that *both* Dalco, Inc. *and plaintiff* sign the contract for purchase of materials, and that *neither* he *nor* Dalco, Inc. was indebted to the defendants except for the $6,324.45 worth of material used by Dalco, Inc. on the Pine Tree Plant. It is therefore clear that the petition alleges a tort against the plaintiff as an *individual* and damages accruing to him as an individual distinct from any right of action belonging to Dalco, Inc. as a corporation.

*Motion for rehearing denied.*

HALL, Judge, concurring specially. I concur in the judgment reversing the sustaining of the general demurrer to count 1 for the reason that the petition alleges injury and damages to a property right of the plaintiff in paragraph 9 (b) ("Loss of salary of $15,000.00 per year plaintiff would have received from November 30, 1962 through July 31, 1964, $25,000.00.") While a person is not liable for the *unintentional* invasion of the interest of another in his contractual or employment relationships with third persons (*Byrd v. English*, 117 Ga. 191 (43 SE 419, 64 LRA 94); *Morse v. Piedmont Hotel Co.*, 110 Ga. App. 509 (139 SE2d 133)), where the defendant acts for the purpose of

causing the very harm of which the plaintiff complains, a cause of action is set out as against a general demurrer. *Studdard v. Evans,* 108 Ga. App. 819 (135 SE2d 60).

JORDAN, Judge, dissenting. It is my opinion that the only damages recoverable by the plaintiff alleged in the petition are based on an action in tort for damage to the plaintiff's reputation. Under *Code Ann.* § 3-1004 injuries to a person's reputation must be brought within one year after the right of action accrues. This petition shows on its face that the acts of the defendants allegedly damaging the plaintiff were done over the period from August 18, 1962, to September 5, 1962, and that the petition was filed on August 17, 1964. The statute of limitation was raised by demurrer to the petition and I think it was properly sustained by the trial court.

Paragraph 4 of the plaintiff's petition alleges that as a result of the actions of the defendants "plaintiff's reputation and standing in the profession of trade and electrical engineering and electrical contracting was destroyed." The petition further alleges that because of the acts of the defendants "plaintiff cannot obtain credit, procure a contractor's bond, or secure employment"; that his earning capacity has been destroyed, and that the wrongful acts of the defendants in filing said liens "attributed financial weakness, instability and irresponsibility to the plaintiff" and that "many persons, the exact number of which plaintiff cannot state, considered and understood said purported liens to indicate plaintiff to be personally, financially weak, unstable and irresponsible," and that plaintiff has suffered "by damage to his feelings and humiliation."

Such allegations clearly subject the petition to the construction that the alleged acts of the defendants have damaged plaintiff's reputation in his profession to the extent that he has been deprived of earning a livelihood in his profession as a result thereof. In the case of *Sicklesmith v. Citizens Bank of Hapeville,* 101 Ga. App. 533 (114 SE2d 319), this court construed allegations of injury to the plaintiff's credit and financial standing in the community to be an action in tort for damage to the plaintiff's reputation, subjecting it to the one-year statute of limitation set forth in *Code Ann.* § 3-1004. The court

further held in that case that the defense of the statute of limitation, being apparent on the face of the petition, was properly raised by demurrer, citing *Hollingsworth v. Redwine*, 73 Ga. App. 397 (36 SE2d 869).

The majority opinion says that the petition is loosely drawn, and then makes a unique attempt to breathe life into it by calling it an action for damage to plaintiff's property, thus giving plaintiff four years in which to bring the action. For this strained construction, the opinion cites *McCullough v. Atlantic Refining Co.*, 50 Ga. App. 237 (177 SE 601), which deals with a situation where, as Judge Sutton said, "it is difficult to determine from the plaintiff's petition the particular form of action on which he relies" and concludes that "where plaintiff's petition is ambiguous to the extent that the plaintiff's intention is not clearly manifest as to which form of action is relied upon, but there is no appropriate demurrer interposed, it should not be held that no cause of action is stated." Such is not the situation here facing the court for the petition is not ambiguous but clearly demands the conclusion that it is an action for damage to the plaintiff's reputation, appropriate demurrers were filed thereto, and the plaintiff's intention is clearly manifest as to which form of action he relies upon. This could not be more clearly shown than by the plaintiff's own statement on page 1 of his brief that he is "seeking in count 1 to recover damages in the amount of $309,367.67 by reason of *injury to plaintiff's reputation* resulting from the acts of the defendant alleged in the petition." (Emphasis supplied). Count 2 of the petition is not involved in this appeal since no exception was taken to the order sustaining the demurrers to that count.

The case of *Studdard v. Evans*, 108 Ga. App. 819 (135 SE2d 60) relied upon by Judge Hall in his special concurrence is not analogous to the facts here since that case involved a property right arising out of a contract. The allegation of loss of salary for a period of time (itself remote and speculative) is not asserted as a property right but merely as one of the *results* of the alleged damage to the plaintiff's reputation and supports the previous allegation that plaintiff had been unable "to secure employment" as one of the results of the defendant's

actions. The *cause of action* was still one for injury to the plaintiff's reputation and the alleged loss of salary merely an item of *damages* flowing from the cause of action. Under Judge Hall's theory, any action based on injury to the plaintiff's reputation would be converted into an action for damage to plaintiff's property when the usual items of damage resulting therefrom, such as loss of earning capacity, inability to obtain credit, loss of employment, etc., are set forth to support the cause of action.

It being clear that plaintiff's petition seeks damages for injury to his reputation, and it appearing on the face of the petition that it was filed more than one year after the right of action accrued, the trial court did not err in sustaining the demurrers and dismissing the petition.

I am authorized to state that Bell, P. J., Frankum and Eberhardt, JJ., concur in this dissent.