### 67216. WILLIS et al. v. GEORGIA NORTHERN RAILWAY COMPANY.

SOGNIER, Judge.

Appellants, employees of Swift Independent Packing Company (Swift), sued the Georgia Northern Railway Company (Georgia Northern) to recover wages allegedly lost because of Georgia Northern's negligence. The trial court granted summary judgment in favor of Georgia Northern; hence, this appeal.

On May 7, 1980, eight loaded railcars, sitting on a spur track used by Georgia Northern to service plant operations at Swift, broke free and rolled down the spur into the Swift plant. The damage from the resulting collision required an eight day shut down of the plant for repairs with an attendant loss of work and wages by appellants.

Appellants contend that their wage loss is a property loss directly caused by Georgia Northern's alleged negligent operation of the air and hand brakes on the railroad cars. Accordingly, appellants claim they are entitled to recover their lost wages from Georgia Northern.

The rights or interests appellants allege to have been damaged — the interest in eight days of work and the resulting wages — existed by virtue of appellants' employment relationship with Swift, not Georgia Northern. *Morse v. Piedmont Hotel Co.,* 110 Ga. App. 509, 510 (139 SE2d 133) (1964). Although malicious, harmful interference with the business of another may give rise to a cause of action, *Bodge v. Salesworld, Inc.,* 154 Ga. App. 65, 66 (267 SE2d 505) (1980), the alleged negligence here resulted in direct injury only to Swift. There is no allegation that Georgia Northern intended by this alleged negligent act to interfere with the employment contract existing between Swift and appellants.

Conceding that questions of fact as to the negligence of Georgia Northern remain, nevertheless we do not agree with appellants that their loss of wages — money due them solely by virtue of their employment contract with Swift — was a probable consequence of Georgia Northern's negligence. The damages sought by appellants have consistently been held too remote in nature for recovery. "A party [appellants] to a contract who is injured by reason of the failure of the other party [Swift] to comply with its terms can not recover damages for the negligent act of a third person [Georgia Northern] by which the performance of the contract was rendered impossible." *Byrd v. English,* 117 Ga. 191 (43 SE 419) (1902). See also Robbins Dry Dock &c. Co. v. Flint, 275 U. S. 303 (48 SC 134, 72 LE 290) (1927); *Avery v. Southern R. R. Co.,* 44 Ga. App. 613 (162 SE 648) (1931); *Morse,* supra. We therefore affirm the trial court's grant of summary judgment in favor of Georgia Northern.

*Judgment affirmed. Quillian, P. J., and Pope, J., concur.*

DECIDED FEBRUARY 3, 1984.

*Larkin M. Fowler, Jr.,* for appellants.

*Walter H. Bush, Jr., Sam J. Gardner, Jr., Edmund A. Landau, Jr.,* for appellee.