[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT
_____

No. 12-10825
Non-Argument Calendar
_____

D.C. Docket No. 4:11-cv-00135-JRH-GRS


JOHN SCOTT WEDEMEYER,

Plaintiff - Appellant,

versus

PNEUDRAULICS, INC.,

Defendant - Appellee.

_____

Appeal from the United States District Court
for the Southern District of Georgia
_____

(February 26, 2013)

Before MARCUS, WILSON and ANDERSON, Circuit Judges.

PER CURIAM:

Plaintiff-Appellant John Scott Wedemeyer appeals from the district court's final orders granting Defendant-Appellee Pneudraulics, Inc.'s motion to dismiss Wedemeyer's complaint and denying Wedemeyer's motion for leave to amend the complaint. In Wedemeyer's complaint, which Pneudralics had removed to federal court, Wedemeyer alleged that his employer, Gulfstream Aerospace, terminated his employment as a test pilot because the aircraft he was piloting "went off the runway causing extensive damages to the airplane." He further alleged that Pneudraulics's negligent manufacture of a swivel assembly caused the crash, and that as a result of the crash, he was fired and the "incident has greatly impacted his career." The district court denied Wedemeyer's motion to amend his complaint due to the amendment's futility, and thereafter dismissed Wedemeyer's complaint for failure to state a claim. On appeal, Wedemeyer challenges both of these decisions. After thorough review, we affirm.

We review <u>de novo</u> the district court's grant of a motion to dismiss. <u>Randall v. Scott</u>, 610 F.3d 701, 705 (11th Cir. 2010). Although the review of the denial of a motion for leave to amend is typically reviewed for abuse of discretion, "when the district court denies the plaintiff leave to amend due to futility, we review the denial <u>de novo</u> because it is concluding that as a matter of law an amended complaint would necessarily fail." <u>Hollywood Mobile Estates Ltd. v. Seminole Tribe of Fla.</u>, 641 F.3d 1259, 1264 (11th Cir. 2011).

Under Federal Rule of Civil Procedure 8(a)(2), a complaint must contain "a short and plain statement of the claim showing that the [plaintiff] is entitled to relief." The complaint "must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face'" in order to survive a motion to dismiss for failure to state a claim on which relief can be granted under Fed.R.Civ.P. 12(b)(6). Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (quoting Bell Atlantic v. Twombly, 550 U.S. 544, 570 (2007)). In reviewing a motion to dismiss, we accept as true all factual allegations contained in the complaint, but we are "not bound to accept as true a legal conclusion couched as a factual allegation." Id. (quotation omitted). Threadbare recitations of the elements of a cause of action, supported only by conclusory statements, do not suffice. Id. Further, "only a complaint that states a plausible claim for relief survives a motion to dismiss." Id. at 679. "Determining whether a complaint states a plausible claim for relief will . . . be a context-specific task that requires the reviewing court to draw on its judicial experience and common sense." Id.

First, we are unpersuaded by Wedemeyer's argument that the district court erred in dismissing his original complaint. In that complaint, Wedemeyer alleged that Pneudraulics's negligent manufacture of a swivel assembly caused Gulfstream to terminate him. However, Georgia has long refused to recognize a claim for negligent interference with business employment. In Byrd v. English, 43 S.E. 419

3

(Ga. 1903), the plaintiff operated a printing business, and he had a contract with the Georgia Electric Light Company ("GELC") to supply electricity to his business. Employees of the defendant negligently damaged GELC's conduit wires that serviced the plaintiff's business. The plaintiff sued the defendant, not GELC, for damages that resulted from the disruption of his business. Id. at 419-420. The Supreme Court of Georgia held that the plaintiff's petition did not state a cause of action. Id. at 421. The court determined that the foundation of plaintiff's claim was his contract with GELC and that the defendant was not remotely connected to that contract; therefore, even though the terms of the contract prevented the plaintiff from recovering against GELC, the defendant could not be held responsible for plaintiff's claims. Id. at 420; see also Robins Dry Dock & Repair Co. v. Flint, 275 U.S. 303, 309 (1927) (citing Byrd for the proposition that "a tort to the person or property of one man does not make the tort-feasor liable to another merely because the injured person was under a contract with that other unknown to the doer of the wrong").

Similarly, in Morse v. Piedmont Hotel Co., 139 S.E.2d 133 (Ga. 1964), the Georgia Court of Appeals said: "Generally, a person is not liable for the unintentional invasion of the interest of another in his contractual or employment relationships with third persons." Id. at 135. There, the plaintiff, a jewelry salesman who had entrusted his wares to a hotel bell boy, sued the hotel for

4

damages stemming from the loss of his jewelry. The jewelry belonged to the plaintiff's employer, not to the plaintiff. As a result of the incident, the plaintiff could not obtain insurance coverage and the employer terminated the plaintiff. Plaintiff sued the hotel claiming that the theft of the jewelry case resulted from the hotel's negligence and caused his termination by the employer. Id. at 134. Morse aptly applies here:

> The rights or interests of [Wedemeyer] which he alleges have been damaged -- … the interest in his employment -- he had by virtue of relations with others than [Pneudraulics]. The petition does not show that [Wedemeyer] had property rights in his relationships with [Gulfstream Aerospace], but such interests of [Wedemeyer] as were damaged inhered in [that relationship.] The law does not place upon [Pneudraulics] the duty to protect these interests of [Wedemeyer] against unintentional invasion.

Id. at 135 (citations omitted).

Wedemeyer claims that Georgia recognizes this kind of negligence claim where the plaintiff has suffered an injury to his person or property, citing McGill & Sons, Inc. v. Flood & Assoc., Inc., 248 S.E.2d 23, 24 (Ga. App. 1978) ("There is no liability for negligence since there was no injury to any person or property as a result of the alleged delays."). But even if this is true, there are no allegations of physical injury in his original complaint. At most, he says that the "incident has greatly impacted his career." Under Georgia law, "[a]n at-will employee generally does not have a reasonable expectation of continued employment to establish a property right protected by law." Fink v. Dodd, 649 S.E.2d 359, 362 (Ga. App.

5

2007). In other words, Wedemeyer's alleged loss of his employment was not an injury to a property right, and he has not alleged a negligence claim cognizable under Georgia law. The district court, therefore, did not err in dismissing the claim in Wedemeyer's original complaint.

We also find no merit to Wedemeyer's argument that the district court erred in refusing him leave to amend. Ordinarily, "[i]f the underlying facts or circumstances relied upon by a plaintiff may be a proper subject of relief," Foman v. Davis, 371 U.S. 178, 182 (1962), leave to amend should "be freely given," Fed.R.Civ.P. 15(a). Under Foman, however, a district court may properly deny leave to amend the complaint under Rule 15(a) when such amendment would be futile. 371 U.S. at 182. Denial of leave to amend is justified by futility when the complaint as amended is still subject to dismissal. See Hall v. United Ins. Co. of America, 367 F.3d 1255, 1262-63 (11th Cir. 2004).

Wedemeyer argues that for purposes of his negligence claim, he alleged personal injury in his amended complaint, which says that as a result of the incident, "Plaintiff has also suffered physically, including but not limited to headaches, sleeplessness, chronic nausea and anxiety." However, any physical injury he claims flowed from his loss of employment cannot constitute a cognizable injury -- it is simply too attenuated. Allowing these sorts of allegations to satisfy the physical injury requirement would also effectively remove the

6

requirement, given that these sorts of injuries presumably flow from most economic injuries. Thus, viewing the allegations in the amended complaint by, as we must, drawing on our judicial experience and common sense, Iqbal, 556 U.S. at 679, we cannot say the district court erred in concluding that the vague statements regarding Wedemeyer's injuries plausibly allege any sort of physical injury sufficient to state a claim under Georgia law.[1]

Because Wedemeyer's amended complaint failed to allege any cognizable injury, his other purported claims requiring an injury element -- like product liability and negligence per se -- also fail. Further, Wedemeyer's attempts to allege some sort of intentional conduct fall flat as well, as he has not made any argument to us about how his allegations of intent or a violation of administrative regulations are anything more than "[t]hreadbare recitations of the elements of a cause of action, supported only by conclusory statements." Id. at 678. Similarly, his constructive fraud claim fails since there is no allegation whatsoever that Pneudraulics acted with any malice towards him. In short, the district court did not err in finding that it would futile to allow Wedemeyer to amend his complaint, nor did it abuse its discretion in refusing the amendment.

---

[1] Moreover, to the extent Wedemeyer mentioned "whiplash-type injuries" in response to Pneudralics's motion to dismiss, there was absolutely no reference to whiplash in the amended complaint, which he notably filed after his response to the motion to dismiss. Indeed, in his response to Pneudralics's motion to stay discovery (filed the same day as his response to the motion to dismiss), he said, "No one was injured [in the incident] thanks to Scott Wedemeyer's quick thinking."

**AFFIRMED.**