ALEXANDER H. COULTER, Appellant, *v.* THE BOARD OF EDUCATION FOR THE CITY AND COUNTY OF NEW YORK, Respondent.

Plaintiff contracted to do the carpenter work required in erecting a school-house. By the contract it was provided that the last payment thereunder should not be paid until a certificate, made by plaintiff, had been filed, to the effect that all claims under or in connection with the contract had been presented to defendant and the amount to be paid therefor agreed upon; "and that such payment is in full of every claim or demand whatever in the premises, except the amount agreed upon for extra work." In consequence of the failure of the contractor for the mason work to perform his contract, plaintiff was prevented from completing

his contract within the time specified therein. After the expiration of the time and before he could complete the contract, prices of labor and materials advanced, and the cost of completing the work was increased. After the completion thereof, plaintiff made and filed the certificate required, and received the last payment. In an action to recover damages occasioned by the delay, *held*, that plaintiff was precluded by the certificate, which, under the agreement, was a waiver of the claim.

(Argued November 24, 1875 ; decided December 7, 1875.)

APPEAL from judgment of the General Term of the Supreme Court in the first judicial department, affirming a judgment in favor of defendant, entered upon the report of a' referee. (Reported below, 4 Hun, 549.)

This action was brought to recover damages alleged to have been sustained by plaintiff by reason of his having been prevented from fully performing a contract made between him and the school officers of the eighth ward of the city of New York.

Plaintiff contracted to do the carpenter work required for a public school building in said ward, the work to be completed on or before November 1, 1863.

The contract contained a clause that the last payment should not be made until there shall have been filed in the office of the clerk of the board of education, " a certificate by the party of the second part that all claims and demands for extra work or otherwise, under or in connection with this contract, have been presented to the parties of the first part, and the amount to be paid therefor agreed upon by and between them, or a majority of them, and the party of the second part, and that such payment is in full of every claim or demand whatever in the premises except the amount so agreed upon for extra work."

The referee found, among other things, that it was impossible for the plaintiff to perform and complete the work undertaken by him without the performance and completion at the same time, or prior thereto, of the work undertaken to be done by Armstrong the mason, and that the mason work of the building was not performed or completed so as

to enable the plaintiff to finish his work by the 1st day of November, 1863; that the plaintiff was at all times ready, willing and able to comply with and perform his contract, but that by reason of the condition of the mason work in the said building he was prevented from doing so; that the superintendent of public buildings forbade the plaintiff from proceeding with his work until the mason work should be in proper condition to receive it; that the plaintiff repeatedly notified the said superintendent and the chairman of the defendant's building committee of the mason's default; that the defendants did not cancel the contract with said Armstrong, nor did they take any measures to cause the mason work for the said building to be performed and finished with more expedition, or so as to enable the building to be completed by the 1st day of November, 1863, and that the said plaintiff was not enabled to finish and complete his said work until the 1st day of May, 1864; that between the 1st day of November, 1863, and the 1st day of May, 1864, prices of materials and the wages of labor advanced largely, and that the materials furnished and labor performed by the plaintiff between those periods cost him a much larger sum of money than they would have cost had they been furnished and performed prior to the 1st day of November, 1863.

*E. Ellery Anderson* for the appellant. The certificate only applied to the matter actually adjusted and could have no effect upon a cause of action, independent of the right to compensation for extra work. (*McIntyre* v. *Williamson*, 1 Edw. Ch., 54; *Jackson* v. *Stackhouse*, 1 Cow., 122; Chit. on Cont., 90, 858.) The certificate would not estop plaintiff from bringing this action. (*Allamon* v. *Mayor, etc.*, 43 Barb., 33; *Dubois* v. *D. and H. Canal Co.*, 4 Wend., 285.)

*D. J. Dean* for the respondent. Plaintiff is estopped by the certificate from asserting any claim on defendant. (*Devlin* v. *Mayor, etc.*, 4 Duer, 337.) Defendant cannot be held liable for injuries to plaintiff arising from the negligence or delay of the contractor for the mason work. (*Kelly* v. *Mayor,*

*etc.*, 1 Kern., 432; *Blake* v. *Ferris*, 1 Seld., 48; *Pack* v. *Mayor, etc.*, 4 id., 222; *Treadwell* v. *Mayor, etc.*, 1 Daly, 123; *Coon* v. *U. and S. R. R. Co.*, 5 N. Y., 492; *Warner* v. *Erie R. Co.*, 39 id., 468; *Lansing* v. *Cent. R. R. Co.*, 49 id., 522; *Farwell* v. *B. and W. R. R. Co.*, 4 Metc., 49; *Wight* v. *N. Y. C. R. R. Co.*, 25 N. Y., 522; *Hard* v. *Ver. C. R. R. Co.*, 32 Vt., 473; *Priestly* v. *Fowler*, 3 M. & W., 1; *Wilson* v. *Merry*, L. R., 1 Scotch App., 326, cited 39 N. Y., 468.)

CHURCH, Ch. J.  A material question is, whether the certificate, given by the plaintiff upon receiving the last payment, precludes him from recovering the damages claimed in the complaint. It is quite clear that the certificate alone, regarded as a release or receipt, would not have that effect. It does not in terms release such damages, and the general words employed would, within established principles, be limited to the items specified. (1 Edw. Ch., 34; 1 Cow., 122, and cases there cited.) But the certificate, taken in connection with the contract, presents a different question.  The contract provides that the last payment shall not be made until, among other things, a certificate made by the party of the second part has been filed, "that all claims and demands for extra work, or otherwise, under or in connection with this contract, have been presented to the parties of the first part, and the amount to be paid therefor agreed upon by and between them, or a majority of them, and the party of the second part, and that such payment is in full of every claim or demand in the premises, except the amount so agreed upon for extra work."

By this provision the parties evidently contemplated that all claims arising out of or in consequence of the contract should be presented and liquidated before the final payment was made. If the plaintiff had declined to give the certificate he could not have enforced the payment.  By giving the certificate he induced the defendant to make the payment, and is, I think, precluded from afterward setting up other claims. Under the agreement the certificate amounts to a

waiver of other demands. The language of the contract is broad and comprehensive, " that such payment is in full of every claim or demand whatever in the premises," whether for extra work, or otherwise. It must be borne in mind that this language was used in advance, and we must give it effect according to the intent of the parties, and it seems most rational to suppose that when the certificate was given, and the last payment made, together with the amount of other claims which had been liquidated, they designed that the transaction should be closed. Parties have a right to make contracts for themselves, and it is the duty of courts to enforce them as made, even though a hardship may be worked. Fraud or mistake may entitle a party to relief, but if neither of these elements exist, the contract must be carried out according to its terms. We think the plaintiffs were required to present this claim and make an effort to have it adjusted according to the contract; failing in that they had the option to bring an action, or sign the certificate and waive the claim.

A point is presented, that the last payment was in fact made before the certificate was given. There is no finding on the subject, and the evidence leaves it in doubt how the fact was, but it is manifest from the evidence of one of the plaintiffs that the intention was to comply with the contract in respect to the certificate. He testified that he supposed he had signed the receipt, but did not until after the payment. If this was so, it is evident that the payment and making the certificate were regarded as simultaneous acts, and intended to be so. This witness also testified that the clerk told him, when he signed the certificate, in substance, that it applied only to extra work. This is not material, because the clerk had no power to change the effect of the certificate, and also, because the fact is not found. There seems to be some equity at least in the plaintiff's claim, but by the terms of the contract and his acts, he is precluded from enforcing it in this action.

The judgment must be affirmed.

All concur.

Judgment affirmed.