### 32827. JOHN MONAGHAN INC. *v.* STATE HIGHWAY DEPARTMENT.

Decided March 3, 1950. Rehearing denied March 29, 1950.

*Smith, Kilpatrick, Cody, Rogers & McClatchey, A. G. Cleveland Jr., O. B. McElvey,* for plaintiff.

*Eugene Cook, Attorney-General, T. V. Williams, W. V. Rice, Cam Dorsey Jr., Assistant Attorneys-General, Frank S. Twitty,* for defendant.

Sutton, C. J. John Monaghan Inc. sued the State Highway

Department in Mitchell Superior Court for damages on account of a delay or stoppage of work on a road-construction contract. According to the petition, the plaintiff and the defendant made a contract on August 20, 1948, for the improvement of approximately 9 miles of road in Mitchell County, and the plaintiff began work on the road under said contract immediately after the contract was signed, and continued to work thereon until October 20, 1948, at which time the defendant, through its duly authorized representative, E. F. Groover Jr., resident engineer, instructed the plaintiff to suspend all operations under said contract, and this order was not given because of any condition which would have justified the defendant in suspending the plaintiff's operations under said contract, and the suspension of said work was continued until November 20, 1948, at which time the plaintiff was notified to continue operations under said contract, which the plaintiff did, and. completed the work, and received payment from the defendant for the contract price for said work. Items of damage shown in the petition and the exhibits thereto are the rental value of machines and equipment kept idle by the suspension and expense on account of employees kept on the payroll of the plaintiff in readiness to complete the work, and judgment is asked in the principal amount of $24,-002.25. A copy of the proposal and the final contract is attached to the petition, and stamped on the proposal is the following: "This proposal contract and bond has been executed in accordance with the Georgia State Highway Department's Standard Specifications, dated 5-1-47, and work covered therein is to be done in accordance with same, except such special provisions as are attached to the proposal and made a part of the contract." Included in the record by consent of counsel and by order of the trial judge, the same being a part of the contract and the petition by reference thereto, is a copy of the Georgia State Highway Department's Standard Specifications for Construction of Roads and Bridges, dated May 1, 1947, and in this publication, under the division dealing with general requirements and covenants, the following appears: "Final acceptance is stipulated to mean written final acceptance by the State Highway Engineer, followed by final payment in accordance with the Engineer's final estimate. . . The acceptance of the final

payment as aforesaid shall operate as and shall be a release to the Department, the Board and the Engineer from all claims and liability under the Contract for anything done or furnished or relating to the work done under the Contract or any alteration thereof or for any act or neglect of said Department, said Board or said Engineer." § 9.09, p. 58, in part. The trial judge sustained a general demurred to the petition, dismissed the action, and the plaintiff excepted.

The gist of the complaint is that work was halted on the contract for a period of one month on order of the resident engineer, and that the plaintiff incurred additional expense on account of the suspension, and that the suspension was not on account of any condition which was justified under the terms of the contract. But irrespective of whether there was, in fact, an actual breach of the contract on account of the suspension, the petition shows that the work was completed under the contract and that the plaintiff was paid for the work, and construing the petition most strongly against the pleader under the established rule, this allegation is properly construed as showing an acceptance of final payment under the contract subject to the conditions imposed by the contract, and, under the specifications which became a part of the contract, it was expressly stipulated that the acceptance of final payment would operate as a release to the defendant from all claims of liability under the contract "for any act or neglect of said Department, said Board or said Engineer," and we think this necessarily included any damage arising from a breach thereof in this respect.

As a general rule, whether or not acceptance of final payment would operate as a waiver of and a release from liability would depend upon the nature of the receipt given or upon the provisions of the contract in this respect, or upon both. "The right of a contractor for the construction of a battleship to recover damages for the delay caused by the contractee's failure to furnish materials in the required order was held to have been released by a receipt executed by the contractor, on receiving the balance due under the contract, releasing and discharging the contractee from all debts, 'claims, and demands whatsoever, in law or in equity, for or by reason of or on account of the construction of said vessel under the contract aforesaid,' in United

States *v.* William Cramp & Sons Ship & Engine Bldg. Co. (1907) 206 U. S. 118, 51 L. ed. 983, 27 S. Ct. 676 (reversing (1906) 41 Ct. Cl. (F.) 164), where the contract provided that the receipt for the contract price should be a release 'of all claims of any kind or description under or by virtue of said contract.' And in Swift *v.* United States (1878) 14 Ct. Cl. (F.) 235, without deciding whether a contractor for the construction of vessels could otherwise recover damages for delay due to the contractee's alteration of the plans, the court held that the right to recover such damages was barred where the contractor had received and receipted in full for the contract price without asking for more on account of the delay. Where a contract for the carpenter work on a building provided that the last payment on the price should not be made until the contractor had filed a certificate 'that such payment is in full of every claim or demand whatever in the premises,' in Coulter *v.* Board of Education (1875) 63 N. Y. 365, it was held that the contractor was precluded from recovering damages for the delay caused by the failure of another contractor to complete the masonwork, by reason of which the complaining contractor was unable to complete his work in the time specified, by having given a receipt pursuant to the contract upon receiving the last payment on the price, without presenting a claim for damages for the delay. So, in Cascade Automatic Sprinkler Corp. *v.* State (1933) 147 Misc. 420, 263 N. Y. S. 805 (affirmed in (1936) 247 App. Div. 226, 286 N. Y. S. 698, which is modified on rehearing in (1936) 248 App. Div. 922, 290 N. Y. S. 382), it was held that a heating contractor waived the right to recover damages from the contractee for delay due to the failure of the construction contractor to have the buildings ready for installation of the heating system, by executing a receipt 'in full' for the final payment of the contract price, where the contract provided that acceptance of the final payment should constitute a waiver by the contractor of all claims. And in Dube *v.* Peck (1901) 22 R. I. 443, 48 A. 477, a building contractor was held to be precluded from recovering damages resulting from the contractee's delay in selecting a site, by his having given a receipt in full at the time of the last payment under the contract, an additional reason for the

decision being that the contractor's election to proceed with the work constituted a waiver." 115 A. L. R. 65, 92.

The trial judge did not err in sustaining the defendant's demurrer to the petition and in dismissing the action. The cases cited and relied upon by the plaintiff in error are not authority for a ruling to the contrary under the terms of the contract and the alleged facts in the present case.

*Judgment affirmed. MacIntyre, P. J., and Felton, J., concur. Worrill, J., disqualified.*