## 37518. CARTER v. CLEMENTS.

TOWNSEND, Judge. Code § 6-701, as amended by Ga. L. 1957, pp. 224, 230, provides in part: "No cause shall be carried to the Supreme Court or Court of Appeals upon any bill of exceptions while the same is pending in the court below, unless the decision or judgment complained of, if it had been rendered as claimed by the plaintiff in error, would have been a final disposition of the cause or final as to some material party thereto, *or unless the judgment is one sustaining, overruling, or dismissing a plea to the jurisdiction, or a plea of res judicata, or one sustaining or overruling a general demurrer to a caveat to the probate of a will, which would necessarily be controlling as to the final disposition of the cause.*" Prior to the 1957 amendment, shown in italics, supra, the rule was that "a judgment sustaining or overruling a plea in abatement is not such a final judgment as can be made the subject of a bill of exceptions to this court within Code (Ann.) § 6-701." *Price v. Stewart,* 209 *Ga.* 339 (2) (72 S. E. 2d 459). The amendment adds three new situations which may be considered as final judgments, relating to pleas to the jurisdiction, pleas of res adjudicata, and demurrers to a caveat to the probate of a will, and even these, to be final, must be such as "would necessarily be controlling as to the final disposition of the cause." It follows that the overruling of a special plea in abatement on the ground that the action is barred by the statute of limitations, where this fact does not appear on the face of the petition, is not a final judgment.

Accordingly, the bill of exceptions in this case is premature, and must be

*Dismissed. Gardner, P. J., and Carlisle, J., concur.*

DECIDED JANUARY 21, 1959.

*Emory F. Robinson, Wheeler, Robinson & Thurmond, R. F. Schuder,* for plaintiff in error.

*Heyman, Abram & Young, Morris B. Abram, John H. Hicks,* contra.