### 37847.   AMERICAN SURETY COMPANY OF NEW YORK
#### *v*. ED SMITH & SONS, INC.

DECIDED OCTOBER 19, 1959—REHEARING DENIED
NOVEMBER 12, 1959.

*N. A. Turner, Robert S. Wiggins,* for plaintiff in error.

*deGive & Fendler, Henry L. deGive, R. E. Fendler, John H. Van Voorhis,* contra.

GARDNER, Presiding Judge. Counsel for the plaintiff contends that Code (Ann.) § 23-1709 quoted herein above refers to final acceptance by the defendant as well as final payment. Counsel cites, in support of this contention, *John Monaghan, Inc.* v. *State Highway Dept.,* 81 *Ga. App.* 289 (58 S. E. 2d 242). That case is not authority for affirmance here because the facts are not in accord with the facts of the instant case. Counsel for the plaintiff cites and relies on *National Surety Corp.* v. *Wright,* 70 *Ga. App.* 838, 841 (29 S. E. 2d 662). That case cannot aid counsel for the plaintiff, but on the contrary is authority for reversal in the instant case. There the court went into the matter of the statute of limitations and said: "It is our opinion that the statute should be strictly construed, [referring to Code § 23-1709] and not be extended to apply a limitation to a canceled contract." It will therefore be discerned that even in that case this court realized that the language of Code (Ann.) § 23-1709, which was therein quoted, conclusively showed that no action could be instituted on a bond after one year from the completion of the contract and the acceptance of the work involved in the contract. This court declines to extend a Code section so as to make the meaning other than the unequivocal language thereof, such as the language used in Code (Ann.) § 23-1709 quoted above. To our minds there is only one construction of Code (Ann.) § 23-1709, and that is to construe it as written. The language is plain and unequivocal.

The case is properly before this court. See *Carter* v. *Clements,* 98 *Ga. App.* 857 (107 S. E. 2d 257). A demurrer was the proper procedure to invoke the statute of limitations. See *Hollingsworth* v. *Redwine,* 73 *Ga. App.* 397 (36 S E. 2d 869).

It follows that the court erred in overruling the demurrer invoking the statute of limitations, under the record of this case.

*Judgment reversed. Townsend and Carlisle, JJ., concur.*

TOWNSEND, Judge, concurring specially. The only question in this case is whether the one-year statute of limitations has run against the bonding company on the bond of the principal,

Suber & Company, under its contract with the State Highway Department on a road project, and this depends on when the statute of limitations commences to run. Code (Ann.) § 23-1709 provides that it is one year "from the completion of the said *contract and* the acceptance of said . . . public *work.*" (Italics mine.) The petition alleges that the work was accepted more than a year prior to the action, and the contract was completed by plaintiff and by Suber & Company more than a year prior to the action, but final payment by the State Highway Department was within the year, and defendant in error contends that under the terms of the contract it is only completed when the engineer "has made final acceptance of the work *and* the Department has paid the final estimate." Thus, under such construction, no matter when the contractor completed the work and when it was accepted the contract would not be complete insofar as the statute of limitations is concerned until the State or political subdivision made final payment; if it never made final payment the statute would never commence to run. Such a construction might well be within the meaning of the Code section, which does not itself state whether the words "completion of the contract" refer to completion by the contractor, or completion by both the contractor and the State or political subdivision. To my mind, however, the language of the bond itself settles this question, since the condition of the bond is: "That if *the above bound principal* [Suber & Company] shall in all respects comply with the terms and conditions of said contract and his obligations thereunder . . . and shall complete the said contract in accordance with its terms" the bond shall be void. This fixes the obligation of the surety in relation, not to payment by the State, but in relation to performance *by the contractor.* This language of the bond is not in conflict with the statute and the writer recognizes that if there was any such conflict the terms of the statute would control. Any other construction would make it impossible to sue on the bond so long as the principal contended that the State or political subdivision owed it money under the contract, even though the work was absolutely completed so far as the contractor was concerned and had been accepted by the State. I accordingly concur in the judgment.