**AUGUSTA IRON & STEEL WORKS, INC., Plaintiff-Appellant,**

v.

**UNITED STATES FIDELITY & GUARANTY COMPANY, Defendant-Appellee and Third Party Plaintiff,**

v.

**Warren E. QUARLES, Sr., et al., Third Party Defendants.**

No. 85–8899.

United States Court of Appeals, Eleventh Circuit.

June 2, 1986.

* Honorable Reynaldo G. Garza, Senior U.S. Circuit Judge for the Fifth Circuit, sitting by desig-

Sidney R. Barrett, Jr., Atlanta, Ga., for defendant-appellee and third party plaintiff.

Patricia Warren Booker, Ted Clarkston, Augusta, Ga., plaintiff-appellant.

Before JOHNSON and ANDERSON, Circuit Judges, and GARZA *, Senior Circuit Judge.

PER CURIAM:

Augusta Iron & Steel Works, Inc. ("Augusta") sued United States Fidelity & Guaranty Company ("USF & G") on a bond which covered a public works construction project being performed for the Georgia Department of Transportation ("DOT"). USF & G raised a statute of limitations defense. The Official Code of Georgia Annotated § 36–82–105 (1982) provides as follows:

nation.

No action can be instituted on the bonds required under Code Section 36–82–101 or either of them after one year from the completion of the contract and the acceptance of the public building or public work by the proper public authorities.

Augusta filed suit within one year of the final payment by the DOT but more than one year after the work was completed and accepted by the DOT. Augusta argues that the phrase "completion of the contract" in the statute should be construed to include not merely completion of the construction work, but also final payment for such work. On the other hand, USF & G argues that the statute be construed such that "completion of the contract" means merely completion of the construction work.

*American Surety Company of New York v. Ed Smith & Sons, Inc.,* 100 Ga. App. 658, 112 S.E.2d 211 (1959), held that where all work on a state highway department project had been performed and the project had been accepted by the department, a subcontractor's action on the general contractor's bond filed more than one year after the acceptance of the project was time barred by the predecessor of O.C. G.A. § 36–82–105. This was so notwithstanding the fact that the subcontractor's action was filed less than one year after final payment. Augusta argues that the *American Surety* case is not binding precedent because of Georgia Court of Appeals Rule 35, which provides in relevant part as follows:

> A judgment in an appeal pending before a division which is generally concurred in by all Judges of that division shall be binding precedent; if there is a special concurrence without a statement of agreement with all that is said in the opinion or concurrence in the judgment only, it shall be a physical precedent only.

USF & G argues that Rule 35 was not in effect at the time of the *American Surety* decision, and thus has no effect on the precedential value of that decision.

We need not decide what effect Rule 35 might have in this case; nor need we decide whether or not *American Surety* is binding precedent. Even if it is not binding, it is persuasive. We agree that the most reasonable interpretation of § 36–82–105 is that the one-year statute of limitations commences at the completion of the actual construction work and acceptance thereof.

The equal protection claim and the estoppel claim urged by Augusta are also without merit.

Accordingly, the judgment of the district court is AFFIRMED.