43826. UNITED STATES FIDELITY & GUARANTY COMPANY v. ROME CONCRETE PIPE COMPANY, INC.

(353 SE2d 15)

HUNT, Justice.

We granted certiorari to the Court of Appeals in *United States Fidelity &c. Co. v. Rome Concrete Pipe Co.,* 179 Ga. App. 882 (348 SE2d 83) (1986), to consider the construction of OCGA § 36-82-105, the limitation statute for actions brought on bonds required for public works contracts, in order to determine the appropriate starting date for the running of the limitation period in this case.

United States Fidelity & Guaranty Company (USF&G) issued a performance and payment bond guaranteeing payment to those furnishing labor or materials for a group of Georgia Department of Transportation (DOT) public construction contracts. Rome Concrete Pipe Company, Inc. (Rome), a supplier of materials for the DOT projects, filed a suit on the bond after the general contractor declared bankruptcy without paying for the materials supplied. The trial court denied USF&G's motion for summary judgment based on the one-year statute of limitations contained in OCGA § 36-82-105, and on interlocutory review, a majority of the Court of Appeals affirmed the trial court's ruling. As noted by the Court of Appeals, OCGA § 36-82-105, the statute of limitation at issue, is stated in the conjunctive: no action on payment or performance bonds required by OCGA § 36-82-101 (public works contracts) may be instituted "after one year from the completion of the contract *and* the acceptance of the . . . public work by the proper public authorities." (Emphasis supplied.) Thus, it

is clear from the language of the statute, and the parties agree, that the statute of limitation does not begin to run until the contract has been completed and accepted.

It is undisputed that the *work* on the projects for which Rome claims payment was completed by the general contractor and accepted by the DOT more than one year before Rome filed suit on the bond. The controversy in this case centers on the parties' interpretations of when the *contracts* were completed within the meaning of OCGA § 36-82-105. USF&G contends that the determination of the completion date of the contract must focus on the performance of the general contractor, and that a contract is completed when the general contractor has completed its work under the construction contract. However, Rome contends, and the Court of Appeals held, that a contract is not completed under OCGA § 36-82-105 until the appropriate public authority, DOT in this case, has completed all of its functions in connection with the contract.

The record indicates that the DOT does not consider its contracts complete until the project is accepted by the DOT Construction Department *and* the DOT's Contracts Administration Department has audited and checked the contract items and requests for payment. Although all of the general contractor's *work* on the project was "accepted" on June 3, 1983, the date of completion of the latter stage of DOT's internal procedures for two of the seven contracts at issue, as evidenced by DOT's "Final Statement Check Sheet" and "Standard Final Release" was July 5, 1983, and the completing documentation on the remaining five contracts had not been executed as of December 26, 1984. Thus, under the Court of Appeals' construction of OCGA § 36-82-105, Rome's suit was filed within the one-year statute of limitation because less than a year had passed from the completion of the contract as determined by DOT's internal procedures.

We reverse and hold that the one-year statute of limitation contained in OCGA § 36-82-105 commences at the completion of the actual construction work[1] and acceptance thereof by the public authority.

In construing the statute in question by giving it its logical meaning and effect, and there being no evidence of any contrary legislative intent, see *Sale v. Leachman,* 218 Ga. 834, 836 (1) (131 SE2d 185) (1963), we agree with the dissenters in the Court of Appeals that "completion of the contract" relates to the job performance required of the general contractor and, "acceptance" relates to action by the public authority. We note that this construction of OCGA § 36-82-105

---

[1] "Completion," as pointed out in the dissent to the Court of Appeals' opinion, refers not only to total completion, but also to "substantial completion," with only punch-list items remaining to be done. See OCGA § 9-3-51.

is consistent with that of the Court of Appeals in *American Surety Co. of N. Y. v. Ed Smith & Sons*, 100 Ga. App. 658 (112 SE2d 211) (1959), and, while not binding upon us, that of the United States Court of Appeals for the Eleventh Circuit in its recent opinion in *Augusta Iron &c. Works v. U. S. Fidelity &c. Co.*, (Case No. 85-8899, decided June 2, 1986), a case arising out of the same projects and bond at issue here.

While it is possible to read the "completion of the contract" language in OCGA § 36-82-105 to refer to completion by the public authority, such a construction would defeat the clear purpose of the statute. The purpose of statutes of limitation is to limit the time period in which certain types of actions may be brought and thereby provide a date certain after which potential defendants can no longer be held liable for claims brought in such actions. The purpose of the statute in question is to limit the time during which the surety can be held liable for the obligor contractor's performance of the work or payment of its subcontractors and suppliers. Under the construction urged by Rome, and adopted by the trial court and the Court of Appeals, no matter when the general contractor completed the work and when it was accepted by the public authority, the contract would not be complete for purposes of the statute of limitation until the public authority determined it was complete with reference to its own internal policy and procedure. This construction would make it impossible to sue on a public work bond as long as the public authority contended the contract was not complete under its policy and procedures even where the work had been completed as far as the general contractor is concerned, and had been accepted by the public authority.[2] Such a construction is neither fair nor reasonable and is in conflict with the legislative intent underlying the statute. Therefore, Rome's complaint was barred by the one-year limitation provided by OCGA § 36-82-105, and USF&G's motion for summary judgment should have been granted.

*Judgment reversed. All the Justices concur.*

DECIDED FEBRUARY 13, 1987.

*Porter & Doster, J. Alexander Porter, Sidney R. Barrett, Jr.,* for appellant.

---

[2] Like the bond in *American Surety Co. v. Ed Smith & Sons*, supra, the language of the bond here fixes the obligation of the surety to performance by the contractor, not to that of the public authority, and provides that "if the above-named bound Principle [Rome] shall in all respects comply with the terms and conditions of said contract . . . and shall complete the said contract in accordance with its terms" the bond shall be void.

*Rogers, Magruder, Hoyt, Sumner & Brinson, S. David Smith, Jr.,* for appellee.
*Brenda K. Pollard,* amicus curiae.