A89A0662. SAFECO INSURANCE COMPANY OF AMERICA v. CLAY-RIC, INC. et al.
(383 SE2d 138)

SOGNIER, Judge.

We granted the application of Safeco Insurance Company of America for interlocutory appeal from the denial of its motions for summary judgment brought against Clay-Ric, Inc. and the Georgia Ports Authority (GPA).

This appeal arises out of claims asserted under the "Little Miller Act," OCGA § 36-82-101 et seq., in two actions pending below. The record reveals that in June 1982, GPA entered into a contract with

Pinehurst Corporation for the construction of new facilities at GPA's ocean terminal in Savannah pursuant to plans and specifications prepared by the engineering firm of Hussey, Gay & Bell, Inc. (HG&B). Appellant, as surety, issued performance and payment bonds for the project. Pinehurst subcontracted with Clay-Ric to perform the paving work on the project. On April 18, 1984, Clay-Ric brought suit against Pinehurst, HG&B, and GPA to recover amounts allegedly owed for extra work performed on the project beyond the scope of the subcontract. GPA filed a third-party complaint against appellant on October 5, 1987 based on the payment bond, and Clay-Ric filed a separate action against appellant on the bond on July 24, 1987. Appellant moved for summary judgment in both actions, but the trial court denied the motions.

1. Appellant contends the trial court erroneously concluded the claims against it were not barred by OCGA § 36-82-105. We agree and reverse.

Construed against appellant as the movant, the record reveals that the engineering contract required HG&B to review all pay requests submitted by Pinehurst and "issue or approve all certificates of payment." The contract also obligated HG&B to "review final payment to [Pinehurst], and submit a final certification to the [GPA] based upon a final inspection of the completed Work, including two (2) complete sets of 'Record' drawings." On September 2, 1983 Richard DeYoung, HG&B's project engineer, approved Pinehurst's final pay request and signed the certificate for payment, which GPA approved and paid on September 9th. GPA began occupying all or a part of the project as early as June 1983. However, DeYoung testified by affidavit "[t]hat the [Pinehurst] contract was not completed because defects in the roof of the warehouse were never corrected by Pinehurst and the roof continued to leak preventing use of the warehouse for its intended purpose," and that he had issued the certificate for final payment in reliance on the affidavit of Pinehurst that all subcontractors and suppliers had been paid, a statement he now considers false because of the outstanding claim of Clay-Ric. The record further discloses that in response to an interrogatory from appellant requesting GPA to "[s]tate the point at which you contend [GPA] accepted the work completed under the contract," GPA responded that "[t]he Final Pay Estimate was approved for payment on September 9, 1983." There is no evidence Pinehurst performed any work at the project after final payment was made.

OCGA § 36-82-105 proscribes the filing of an action on a payment bond required under OCGA § 36-82-101 "after one year from the completion of the contract and the acceptance of the public building . . . by the proper public authorities." This statute of limitation "commences at the completion of the actual construction work and

acceptance thereof by the public authority." (Footnote omitted.) *U. S. Fidelity &c. Co. v. Rome Concrete Pipe Co.*, 256 Ga. 661, 662 (353 SE2d 15) (1987). " '[C]ompletion of the contract' relates to the job performance required of the general contractor and, 'acceptance' relates to action by the public authority." Id. "Completion" does not refer to the public authority's "own internal policy and procedure." Id. at 663. In the case at bar, although the parties disagree as to whether the final payment certificate issued by HG&B on September 2, 1983 was the "final certification" called for in the engineering contract, there is no dispute that Pinehurst applied for and received payment for the entire contract work, and that at the time GPA accepted the work and moved into the building. While DeYoung and GPA may now regret their decisions, the record discloses that Pinehurst had completed its job performance and the work had been accepted by GPA as of September 9, 1983. Therefore, the third-party complaint of GPA and the complaint of Clay-Ric were barred by the one-year statute of limitation, and appellant's motions for summary judgment should have been granted. Id. at 663.

2. Our decision in Division 1 renders moot appellant's remaining enumeration of error.

*Judgment reversed. Banke, P. J., and Pope, J., concur.*

DECIDED MAY 17, 1989.

*Bouhan, Williams & Levy, James M. Thomas, Peter D. Muller,* for appellant.

*Gerald M. Edenfield, Susan W. Cox, Daniel C. Cohen, Jones, Cork & Miller, C. Ashley Royal, Chamlee, Dubus, Sipple & Walter, George H. Chamlee, Michael J. Bowers, Attorney General, Marion O. Gordon, First Assistant Attorney General, Stephanie B. Manis, Deputy Assistant Attorney General, J. Robert Coleman, Daniel M. Formby, Senior Assistant Attorneys General,* for appellees.