## A90A0465. DIXIE ROOF DECKS, INC. v. BORGGREN/DICKSON CONSTRUCTION, INC. et al.
### (395 SE2d 19)

BIRDSONG, Judge.

Dixie Roof Decks, Inc., appeals the grant of directed verdicts in favor of the defendants below, Borggren/Dickson Construction, Inc. and Federal Insurance Company. Appellant Dixie Roof Decks had sued Borggren/Dickson to recover retainage held under a construction contract and payment for "extras," and sued Federal Insurance Company on the payment bond. *Held*:

1. The trial court did not err in granting directed verdict in favor of defendant Borggren/Dickson Construction on grounds that Dixie Roof Decks had consistently, throughout the parties' dispute and wrangling over retainage and extra costs, refused to perform an express condition precedent to payment, to wit, had refused to deliver the roof warranty to Borggren/Dickson as expressly required by the construction contract. Inasmuch as producing the warranty was an express condition precedent to final payment under the contract, we do not see how appellant can logically contend that it could be excused from its duty to produce the warranty by Borggren/Dickson's failure to pay or by the anticipated breach of Borggren/Dickson's obligation to pay. Much has been made of this point by way of legal authority regarding "anticipatory breach," but the fact is that Borggren/Dickson was not required to pay at all until Dixie Roof Decks provided the specified documentation, including the warranty. If this holding back of the warranty was "leverage" used by Dixie Roof Decks to compel Borggren/Dickson to pay the entire disputed amount, it failed completely in its objective, but resulted in the certain opposite effect of ensuring Borggren/Dickson did not have to make final payment at all.

Moreover, Borggren/Dickson could not commit an anticipatory breach which justified withholding the warranty, merely by indicating it would dispute a duty to pay certain sums, because the duty to pay did not arise until Dixie Roof Decks was to have produced the requisite documentation. Dixie Roof Decks' position here seems to be that the bargain, or contract of the parties, was that Dixie Roof Decks would provide all warranties and documentation only if Borggren/Dickson first agreed to pay every disputed sum. Obviously this was not the bargain. As to the effect of anticipatory breach of a construction contract generally, see *Concrete Materials v. Smith &c. Co.*, 127 Ga. App. 817 (195 SE2d 219); but we find appellant's position here

faulty, and contrary to the clear duties under the contract, so that the verdict was *demanded* for Borggren/Dickson under the provisions of OCGA § 9-11-50. This reasoning applies as well to any claim for "extras." See also *Georgia Intl. Life Ins. Co. v. Huckabee*, 175 Ga. App. 343 (333 SE2d 618), which negates a theory of recovery for quantum meruit where there is a contract for payment between the parties.

2. Directed verdict was also correctly granted to Federal Insurance Company. All reasonable inferences and deductions from the evidence demands a finding that this contract was completed no later than the April 5, 1987 dedication of the high school building but at least as early as the building was fully occupied and in use in December of 1986. See *United States Fidelity &c. Co. v. Rome Concrete Pipe Co.*, 256 Ga. 661 (353 SE2d 15). Thus, Dixie Roof Decks' failure to file its suit on the payment bond until April 20, 1988, was outside the statute of limitation of the "Little Miller Act," at OCGA § 36-82-105.

In any case, however, Federal Insurance could not be liable on the bond if its insured was not liable, and the directed verdict in favor of Borggren/Dickson removed any such liability. The trial court's judgment was correct.

*Judgments affirmed. Banke, P. J., and Cooper, J., concur.*

DECIDED MAY 14, 1990. —
REHEARING DENIED JUNE 12, 1990 —

*Porter & Doster, J. Alexander Porter, Richard I. Metzger*, for appellant.

*Varner, Stephens, Wingfield & Humphries, Timothy N. Toler*, for appellees.