A04A0717. CEASAR et al. v. SHELTON.
(596 SE2d 755)

ELDRIDGE, Judge.

Johnny Ceasar, among others ("plaintiffs"), filed suit in the Superior Court of Lowndes County against, inter alia, the Shelton Land Company ("SLC") and Richard W. Shelton, individually and as Secretary/Treasurer of SLC, for acts committed by SLC which allegedly desecrated the plaintiffs' family cemetery. Pursuant to motion, the superior court granted Shelton, individually, summary judgment, finding "that there is no genuine issue of fact or law to indicate that Richard W. Shelton, individually, committed or directed, specifically, the destruction or damages, if any, as alleged by plaintiffs." Plaintiffs appeal this judgment. Finding no error on the record before us, we affirm.

To prevail on motion for summary judgment under OCGA § 9-11-56, the moving party must demonstrate that there is no genuine issue of material fact, and the undisputed facts warrant judgment as a matter of law.[1] A defendant may do this by either presenting evidence negating an essential element of the plaintiff's claims or by establishing from the record an absence of evidence to support the plaintiff's claims.[2]

In this case, there has been no attempt to establish Shelton's individual liability by "piercing the corporate veil" of SLC. Instead, plaintiffs contend that, "Richard Shelton individually directed the

[3] *Jackson v. Virginia*, 443 U. S. 307 (99 SC 2781, 61 LE2d 560) (1979).

[4] *Gilbert v. State*, 259 Ga. App. 371, 374 (4) (577 SE2d 35) (2003).

[1] OCGA § 9-11-56 (c).

[2] *Lau's Corp. v. Haskins*, 261 Ga. 491 (405 SE2d 474) (1991).

actions resulting in the trespass and desecration of which the Plaintiffs now seek damages." In contradiction to plaintiffs' assertion and in support of his motion for summary judgment, Shelton submitted three affidavits, two of his own and one from his first cousin who is a member of the board of directors of SLC; the affidavits attest that Shelton never acted outside the scope of his authority as an officer of SLC; that Shelton did not personally direct, supervise, or control the equipment operator who cleared the land in question; and that Shelton did not personally direct, supervise, or in any way directly take part in the land clearing that allegedly resulted in the desecration referred to in plaintiffs' complaint. In that regard,

> When a motion for summary judgment is made and supported [by affidavits pursuant to OCGA § 9-11-56 (e)], an adverse party may not rest upon the mere allegations or denials of his pleading, but his response, by affidavits or as otherwise provided in this Code section, must set forth specific facts showing that there is a genuine issue for trial. If he does not so respond, summary judgment, if appropriate, shall be entered against him.[3]

Here, Shelton's affidavits, setting forth facts based on personal knowledge as would be admissible in evidence,[4] negated the elements for establishing his individual liability as pled by the plaintiffs. The burden of coming forward with any evidence to create a material issue of fact for the jury shifted to the plaintiffs.[5] Plaintiffs put forth no affidavits or other evidence to contravene Shelton's proof and to create a jury question so as to defeat summary judgment.[6] Indeed, plaintiffs have never disputed the facts contained in Shelton's affidavits; instead, before this Court, they make legal argument that the officer of a corporation is liable in damages for injuries suffered by third persons because of his torts, regardless of whether he acted on his own account or on behalf of the corporation, and regardless of whether or not the corporation is also liable.[7] However, the truth of this legal principle notwithstanding, without any evidence that Shelton committed a tortious act or directed that one be done, plaintiffs' bare assertion that he did cannot demonstrate Shelton's

---

[3] OCGA § 9-11-56 (e).

[4] Id.; *Dews v. Ratterree*, 246 Ga. App. 324, 325-326 (540 SE2d 250) (2000).

[5] OCGA § 9-11-56 (e); *Richards v. Tolbert*, 232 Ga. 678 (208 SE2d 486) (1974).

[6] Compare *Greene v. Fulton-DeKalb Hosp. Auth.*, 177 Ga. App. 499, 500 (1) (339 SE2d 770) (1986).

[7] See *Jennings v. Smith*, 226 Ga. App. 765, 766 (1) (487 SE2d 362) (1997). See also OCGA § 10-6-85.

individual liability.[8]

"[A]n officer of a corporation who takes no part in the commission of a tort committed by the corporation is not personally liable unless he specifically directed the particular act to be done or participated or cooperated therein."[9] Here, the record contains no evidence Shelton personally directed that the particular acts about which plaintiffs complain should be done; nor is there evidence that he personally participated or cooperated therein. Consequently, we find no error in the grant of summary judgment to Shelton, individually.[10]

*Judgment affirmed. Ruffin, P. J., and Adams, J., concur.*

## DECIDED MARCH 15, 2004.

*William J. Edgar*, for appellants.
*William A. Turner, Jr.*, for appellee.

---

[8] See, e.g., *McCarter v. Bankers Trust Co.*, 247 Ga. App. 129, 133 (2) (543 SE2d 755) (2000).

[9] (Punctuation omitted.) *Cherry v. Ward*, 204 Ga. App. 833, 834 (1) (a) (420 SE2d 763) (1992); see also *Brown v. Rentz*, 212 Ga. App. 275, 276 (1) (441 SE2d 876) (1994).

[10] See *Lau's Corp. v. Haskins*, supra.