A05A0512. MASONRY SPECIALISTS OF GEORGIA, INC.
v. UNITED STATES FIDELITY & GUARANTY COMPANY et al.
(616 SE2d 103)

ELLINGTON, Judge.

Masonry Specialists of Georgia, Inc., appeals from the trial court's grant of summary judgment in favor of United States Fidelity & Guaranty Company ("USF&G") in this contract action. Masonry Specialists contends that material issues of fact remain for jury consideration, the controlling statute is unconstitutionally vague, and the trial court abused its discretion in refusing its request for a continuance. Finding no error, we affirm.

> To prevail on motion for summary judgment under OCGA § 9-11-56, the moving party must demonstrate that there is no genuine issue of material fact, and the undisputed facts warrant judgment as a matter of law. A defendant may do this by either presenting evidence negating an essential element of the plaintiff's claims or by establishing from the record an absence of evidence to support the plaintiff's claims.

(Footnotes omitted.) *Ceasar v. Shelton*, 266 Ga. App. 271 (596 SE2d 755) (2004). Our review of the court's judgment is de novo. *Rubin v. Cello Corp.*, 235 Ga. App. 250 (510 SE2d 541) (1998).

So viewed, the record shows that, in January 2001, Masonry Specialists contracted with D & R Group ("D & R") to provide masonry labor and materials as a subcontractor on a community center project D & R was building for the Gwinnett County Parks and Recreation Department. USF&G was the surety under payment and performance bonds issued in connection with the project; D & R was the principal on the bonds.[1] D & R defaulted on the project in March 2001. Pursuant to its performance bond, USF&G hired another contractor to complete the project. Masonry Specialists did not work on the project after D & R's default. Masonry Specialists filed a claim with USF&G under the payment bond for an outstanding balance of $26,682 on the masonry work it had performed for D & R. On

---

[1] See OCGA §§ 36-91-70 (requirement of performance bonds for county public works projects); 36-91-90 (requirement of payment bonds for county public works projects).

November 19, 2001, USF&G denied Masonry Specialists' claim on the basis that the cost of correcting the defects in the company's masonry work exceeded the amount of the company's claim.

The record shows that the community center was completed, occupied, accepted by the county, and formally dedicated by August 17, 2002. Fifteen months later, on November 26, 2003, Masonry Specialists filed suit against D & R for the outstanding balance of $26,682 under its subcontractor agreement or, in the alternative, under theories of implied contract, promissory estoppel, unjust enrichment, and bad faith breach of contract. The suit also asked for punitive damages and bad faith attorney fees. Masonry Specialists named USF&G as a co-defendant pursuant to the payment bond. USF&G answered and, in an amended response, raised the affirmative defense that the suit was filed outside the applicable statute of limitation period. Following a hearing on USF&G's motion for summary judgment, the trial court found that the suit was time-barred and granted the motion, dismissing USF&G as a co-defendant. Masonry Specialists appeals from this ruling.

1. Masonry Specialists contends that the trial court erred in finding the statute of limitation period had run on its contract claim, arguing that material issues of fact remain on when the project was completed and accepted by the county. Under OCGA § 36-91-95, "[n]o action can be instituted on the payment bonds or security deposits after one year from the completion of the contract and the acceptance of the public works construction by the proper public authorities." In *USF&G Co. v. Rome Concrete Pipe Co.*, 256 Ga. 661, 662 (353 SE2d 15) (1987), the Supreme Court of Georgia construed the former statute governing bonds for public contractors[2] and held that the one-year statute of limitation period for filing suit on a payment bond "commences at the completion of the actual construction work and acceptance thereof by the public authority." (Footnote omitted.) The Court also held that "[c]ompletion, . . . refers not only to total completion, but also to substantial completion, with only punch-list items remaining to be done." (Citation and punctuation omitted.) Id. at 662, n. 1. Further, in *Dixie Roof Decks v. Borggren/Dickson Constr.*, 195 Ga. App. 881, 882 (2) (395 SE2d 19) (1990), this Court held that, for the purpose of determining when the statute of limitation period began to run for filing suit on a payment bond, a high school building construction contract was complete as soon as the building was fully occupied and in use and no later than the date the building was dedicated.

---

[2] See former OCGA § 36-82-105 (repealed April 20, 2000).

In this case, USF&G produced the affidavit of the program manager for the county's Parks and Recreation Division, who was responsible for managing and administering the construction contract for the project. The affidavit stated that he accepted the community center on behalf of the county on August 7, 2002; the center was completed with only punch list items remaining at that time; the county issued a certificate of occupancy on August 16, 2002; and the center was dedicated on August 17, 2002.

When a summary judgment motion is supported by an affidavit pursuant to OCGA § 9-11-56 (e), the burden of coming forward with any evidence to create a material issue of fact for the jury is shifted to the nonmovant, who may not rest upon mere allegations or denials, but must present specific facts, by affidavit, deposition testimony, or answers to interrogatories, that show there is a genuine issue for trial. *Ceasar v. Shelton*, 266 Ga. App. at 272. If the nonmovant fails to meet this burden, the movant is entitled to summary judgment. Id.

Masonry Specialists has failed to carry its burden on summary judgment of producing some evidence to contradict the county program manager's affidavit and to show that the construction contract was not completed and the project accepted by the county until sometime after November 26, 2002, which would establish that its complaint was timely filed within the one-year statute of limitation period. It has also failed to support its contention that the manager was not authorized under the construction contract between the county and D & R[3] to accept the completed project on the county's behalf.[4] Accordingly, Masonry Specialists has failed to establish that a jury issue exists as to the date of completion and acceptance of the project. All reasonable inferences and deductions from the evidence in this case demand a finding that this project was completed and accepted by the county no later than August 17, 2002. Therefore, the court properly found that Masonry Specialists' suit was filed outside the applicable statute of limitation period and that USF&G was entitled to summary judgment. See *Dixie Roof Decks v. Borggren/Dickson Constr.*, 195 Ga. App. at 882 (2); cf. *Southern Elec. Supply Co. v. Trend*

---

[3] The construction contract is not in the record.

[4] Notably, Masonry Specialists also contends that the community center project could not be considered complete until the architect issued a certificate of completion. The company failed to cite to any evidence in the record to support this contention. In fact, the only reference to an architect's certificate in the record is a provision in the contract between Masonry Specialists and D & R; that provision required the architect to certify that Masonry Specialists' masonry work on the project was finished before it would get paid. This provision is irrelevant to the determination of when the construction contract between the county and D & R was completed and the project was accepted by the county for the purpose of determining when the statute of limitation period began to run under OCGA § 36-91-95.

*Constr.*, 259 Ga. App. 666, 672-673 (2) (578 SE2d 279) (2003) (defendant was not entitled to summary judgment because the plaintiff demonstrated that a jury issue existed on a building's completion date by producing an architect's affidavit which showed the building was not complete until one year after the date claimed by the defendant's witness). There was no error.

2. Masonry Specialists argues that the trial court erred in finding that the statute of limitation period had run on its remaining causes of action against USF&G, including breach of an implied contract, bad faith breach of contract, promissory estoppel, and unjust enrichment. The company claims that, after D & R defaulted on the construction contract, USF&G took over supervision of the project and, in doing so, acted outside the scope of its duties as a surety on the payment bond. Therefore, according to Masonry Specialists, the one-year statute of limitation period under OCGA § 36-91-95 should not apply to the company's remaining causes of action.

The record shows that, when D & R defaulted on the construction contract, USF&G hired another general contractor and supervised the completion of the project under its performance bond with the county. It is undisputed, however, that Masonry Specialists only worked on the project while D & R was general contractor and USF&G was surety on the payment bond. There was no evidence that Masonry Specialists provided any labor, materials, or other benefits to USF&G or its agents after USF&G took over the construction project. In fact, Masonry Specialists based the claims at issue here solely on the value of the work it performed while D & R was the general contractor for the project, asking for $26,682 in damages (plus interest) for each claim, the same amount that was allegedly due under its contract with D & R. Under these circumstances, regardless of how Masonry Specialists framed these claims in its complaint, all of the claims arose from work performed while USF&G was surety on the payment bond and from its refusal to pay Masonry Specialists under the payment bond.[5] Therefore, USF&G was only liable to Masonry Specialists in its capacity as a surety on the payment bond, and the one-year statute of limitation period under OCGA § 36-91-95 applied.[6]

---

[5] Masonry Specialists has failed to cite to any authority which supports its assertion that a surety on a payment bond is independently and directly liable for damages based upon breach of an implied contract, promissory estoppel, or unjust enrichment arising from work performed for the principal. See *Dixie Roof Decks v. Borggren/Dickson Constr.*, 195 Ga. App. at 882 (2) (holding that the surety could not be liable on a payment bond if the principal was not liable).

[6] Further, because Masonry Specialists did not prevail on its claims against USF&G, the company was not entitled to punitive damages and bad faith attorney fees. *Gwinnett Health System v. Delu*, 264 Ga. App. 863, 869 (3) (592 SE2d 497) (2003) (punitive damages); *Gardner v. Kinney*, 230 Ga. App. 771, 772-773 (498 SE2d 312) (1998) (attorney fees); see also *Trust Co.*

3. Masonry Specialists contends OCGA § 36-91-95 is unconstitutionally vague and indefinite because subcontractors who have claims against sureties on payment bonds may not be able to determine when construction contracts have been completed and finished projects have been accepted, which triggers the beginning of the one-year statute of limitation period on their claims. Pretermitting whether this Court has jurisdiction to consider a constitutional attack on this statute,[7] a "constitutional question will not be decided unless it is essential to the resolution of the case." (Citation omitted.) *Bell v. Austin*, 278 Ga. 844 (1) (607 SE2d 569) (2005). For the following reasons, we find that it is unnecessary to reach the constitutional issue in this case.

First, Masonry Specialists has failed to present any evidence, beyond its mere allegation, to show that subcontractors in general are unable to find out the dates of completion and acceptance of public works projects. Second, the record shows that Masonry Specialists failed to exercise any diligence in finding out when the community center construction contract at issue here was completed and the project accepted by the county. There is no evidence that Masonry Specialists went to the project site or made a single telephone call to the county to find out whether the construction project was complete. Further, Masonry Specialists has presented no evidence of any obstacles, fraudulent or otherwise, which prevented it from finding out that the project was complete. Yet, the company attempts to rationalize its failure to act by claiming that, if it had tried to follow up on the project, county officials, the project's general contractor, and USF&G may have refused to provide the company with accurate information. This contention is pure speculation, unsupported by even a scintilla of evidence.

In contrast, USF&G showed that, by August 17, 2002, the community center was occupied, accepted by the county, and dedicated, and the construction contract was completed. It is undisputed that the project's certificate of occupancy, issued on August 16, 2002, was displayed at the community center's information desk. Even so, Masonry Specialists waited until November 2003, fifteen months later, to file its claim under the payment bond. Under these circumstances, it is clear that Masonry Specialists' failure to determine the project's completion date was due to its own lack of diligence, not from

---

*Bank v. C & S Trust Co.*, 260 Ga. 124, 126 (1) (b) (390 SE2d 589) (1990) (punitive damages are not available in breach of contract cases).

[7] *Bell v. Austin*, 278 Ga. 844 (607 SE2d 569) (2005) (the Supreme Court of Georgia has jurisdiction over appeals raising constitutional issues); see also Ga. Const. of 1983, Art. VI, Sec. VI, Par. II (1).

any indefinite or vague language in OCGA § 36-91-95. Accordingly, we find it is unnecessary to reach the constitutional challenge to this statute.

4. Masonry Specialists claims the trial court erred in denying its request for a continuance of the summary judgment motion hearing in order to allow it to engage in additional discovery on the issue of when the construction contract was completed. The company contends that it did not have sufficient time to investigate USF&G's statute of limitation defense, which was raised in the surety's amended response. USF&G filed the amendment on April 27, 2004, two months before discovery expired, two months before USF&G filed its motion for summary judgment, more than three months before the motion hearing, and before a pretrial order had been entered in the case. After receiving USF&G's amended response, Masonry Specialists did not contact USF&G about the statute of limitation defense, file any additional interrogatories, attempt to take any additional depositions, request additional documents, or request an extension of discovery.

> A motion for continuance of a trial is properly addressed to the sound legal discretion of a trial judge, who is in control of the management of the case in court. The exercise of that discretion will not be disturbed by the appellate courts unless the discretion is manifestly abused. In all cases, the party making an application for a continuance must show that he has used due diligence.

(Citations and punctuation omitted.) *In re Estate of Jackson*, 241 Ga. App. 392, 393-394 (1) (526 SE2d 884) (1999). See also OCGA §§ 9-10-166; 9-10-167. We find that, under the circumstances, the trial court did not abuse its discretion in denying Masonry Specialists' motion for continuance.

*Judgment affirmed. Smith, P. J., and Adams, J., concur.*

DECIDED MAY 6, 2005 —
RECONSIDERATION DENIED JUNE 21, 2005.

*Thomas H. Knuth*, for appellant.
*Owen, Gleaton, Egan, Jones & Sweeney, Maurice M. Egan, Jr., Eric A. Kane*, for appellees.